Eiden, Appellant, vs. Eiden, Respondent.

*March 21 — April 8, 1890.*

*Boundaries: Estoppel.*

The boundary line between the plaintiff's and the defendant's land having been located and established by the plaintiff's grantor and the defendant nearly thirty years before the commencement of the action, and a partition fence ever since maintained thereon, and the evidence not clearly showing that such line was not the true one, the plaintiff is *held* bound by such location and establishment thereof.

APPEAL from the Circuit Court for *Portage* County. Ejectment. The following statement of the case was prepared by Mr. Justice Cassoday:

The facts in this case are mainly undisputed and to the effect that in the year 1858, and prior thereto, Nicholas Eiden, Sr., the father of both the plaintiff and the defendant, was the owner and in possession of the N. E. ¼ of the S. E. ¼ of section No. 7, in township No. 24 N. of range 9 E.; that the east line of that forty acres was at the time, and ever since has been and is now, the line of a public highway running north and south; that, April 16, 1858, said Nicholas, Sr., conveyed to the defendant thirty acres

off from the east side of said forty-acre lot, which thirty acres was to be next and adjoining said highway; that soon after the delivery of that deed to the defendant he and said Nicholas, Sr., caused said thirty acres to be surveyed, and then located and established the west line of said thirty acres, and upon said line so established by mutual agreement a line fence has been maintained by the defendant and said Nicholas, Sr., and his grantee, from that time until the commencement of this action, as the west line of said thirty acres; that in the spring of 1859 the defendant went to California, and there remained until in the year 1868, when he returned and went into the occupancy of said thirty acres; that during his absence the whole forty acres were occupied by said Nicholas, Sr.; that October 5, 1872, the said Nicholas, Sr., and wife conveyed to the plaintiff and another brother ten acres to be taken off the west side of said forty-acre lot; that October 5, 1880, said other brother sold and conveyed to the plaintiff his interest in said ten acres.

July 6, 1887, the plaintiff commenced this action of ejectment for the following strip of land in said forty-acre lot: Commencing at a point 14 chains and 79 links west from the section line on the north line of said forty acres; thence running south on a line parallel with the east line of said section to the eighth line of said section; thence west on said eighth line about four rods; thence north on a line parallel with the east line of said section to the quarter line of said section; thence east on said quarter line about four rods to the place of beginning.

The answer consists of denials and adverse possession under said deed, and the various statutes of limitation, and the establishment of the line between the thirty acres and the ten acres as stated, and asks a reformation of the deed.

A jury being waived, the cause was tried by the court, and at the close of the trial the court found, in addition to

the facts stated, in effect, that the defendant had been in the adverse possession of the strip of land about four rods wide, described in the complaint, from the spring of 1858 until the time of the commencement of the action and since; that the defendant had been in such adverse possession under a claim of title, exclusive of any other right, founded upon a written instrument, to wit, said deed from his father; that all the allegations of the answer were true. And as conclusions of law the court found that the cause of action set out in the defendant's answer as a counterclaim was barred by sec. 4221, R. S.; that the defendant was the owner and entitled to the possession of the strip of land, about four rods wide, described in the plaintiff's complaint; that the defendant was entitled to judgment against the plaintiff for his costs and disbursements in this action, and ordered judgment accordingly. From the judgment entered upon said findings and in accordance therewith the plaintiff appeals.

For the appellant there was a brief by *Raymond & Brennan*, and oral argument by *John H. Brennan*.

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*.

CASSODAY, J. The east line of the forty in question constituted the center of the public highway, which was four rods wide. It is claimed in the answer that the partition line and fence between the thirty acres and the balance of the forty, established by the defendant and his father in 1858, was sixty-two rods west of the center of the highway— that is to say, sixty rods west of the west line of the highway. The evidence fails to establish the distance with precision. The surveyor who testified on behalf of the plaintiff fixed the west line of the east thirty acres, fifty-nine rods and four links west of the center of the highway. He testified, in effect, that there was a portion of an old fence and

a hedge-row some two rods west of that west line; that the balance of the forty after thus taking out the thirty acres, contained about ten and one-half acres; that he did not know exactly how much the forty overran; that it was thirty-four links east and west, and twenty-two links north and south. In another part of his testimony he said the forty overran just three quarters of an acre. Of course, the strip of two rods in the highway made an acre, or a very little over. The deed to the defendant in the spring of 1858 described just thirty acres, and the deeds to the plaintiff subseqently described just ten acres. Strictly construed, they left the title to a narrow strip in the father of the parties. It was the manifest purpose of the father to dispose of the whole forty. Upon his deeding to the defendant in the spring of 1858, a partition line was established by and between them, and a partition fence built and maintained by them thereon. The plaintiff claims under a deed from his father, executed more than fourteen years after such partition line had thus been established. That deed only purported to convey to the plaintiff ten acres of land. Whether the east line of that ten acres would have been east of the partition line thus located and established is not clear from the testimony. Under the evidence in the record, we are unable to say that the partition line thus located and established was not the true partition line. Since the father was bound by such location and establishment, we are inclined to think that the plaintiff, thus claiming under him, is also bound. *Pickett v. Nelson,* 71 Wis. 546; *Culbertson v. Duncan,* 13 Atl. Rep. (Pa.), 966; *Bloomington v. Bloomington Cemetery Asso.* 126 Ill. 221; *Anderson v. Jackson,* 13 S. W. Rep. (Tex.), 30.

In the case at bar, however, it is conceded that the strip of land described in the complaint includes a strip of land west of the partition line so located and established; and one of the conclusions of law is that the defendant is the

owner and entitled to the possession of the strip of land thus described; and the judgment adjudges that the defendant is the owner of the same in fee-simple and is lawfully entitled to the possession thereof. For this clerical error the judgment cannot be allowed to stand. The judgment should give the respective parties the title and possession of the land up to the line so located and established.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment as above indicated, and dismissing the plaintiff's complaint.