## ELLIS v. WAIT.

1. An appeal will not be dismissed because the record brought to this court by appellant is not sufficiently full for the examination of the main questions of error assigned.

2. In such case appellant will be confined to such assignments of error as may properly be considered upon the record presented.

3. The omission of the year in the proof of service of the notice of appeal upon the clerk is not material where, from other dates upon the notice it is plainly evident when it was served in fact, and that such omission was an oversight.

(Syllabus by the court. Opinion filed April 13, 1893.)

Appeal from circuit court, Lincoln county. Hon. F. R. AIKENS, Judge.

Motion to dismiss appeal. Denied. No briefs filed.

*C. B. Kennedy*, for appellant.

*Joe Kirby*, for respondent.

KELLAM, J. Respondent moves to dismiss this appeal on the following grounds: (1) That only a fragmentary part of

the evidence used upon the trial is before the court; (2) that only a fragmentary part of the charge of trial court is here presented in the record; (3) that neither the bill of exceptions nor the abstract furnished to this court, purports to contain all of the evidence or charge of the court; (4) that appellant's assignments of errors are each and all based upon the insufficiency of the evidence and errors in the charge, and that the evidence and charge is not before the court; (5) that no notice of appeal to this court has been served upon the clerk of the trial court.

The motion must be denied. If, in any respect, the appellant has failed to bring before us a sufficient record to fully present any or either of the questions of error relied upon, and such defects are not supplied by respondent's abstract, he will, to the extent of such failure, lose the right to have such questions reviewed; but this would not be ground for a dismissal of the appeal. Bank v. McKinney, (S. D.) 48 N. W. Rep. 203. As to the last ground the appellant's abstract states that the notice of appeal was duly served upon the clerk of the court, and respondent's abstract controverts the fact. We therefore examine the original papers, (Noyes v. Lane, [S. D.] 45 N. W. Rep. 322,) and find upon the reverse of the original notice of appeal an admission of its service, as follows: "Due personal service and receipt of copy admitted this 24th day of January, H. H. DeLong, Clerk." The bill of exceptions was settled, as appears from the certificate of the trial judge, in August, 1892. The notice of appeal is dated "January 24th, 1893." It is proved by affidavit attached to have been served on the respondent's attorney, "January 24th, A. D. 1893," and filed in the clerk's office, "January 24, 1893." Under these circumstances it is evident the omission of the year in the clerk's admission of service was simply an oversight, and we do not regard it important. There is also on the back of the appeal another admission of service, signed, "H. H. DeLong, Clerk, by D. H. Hawn, Deputy." From respondent's argument we

conclude that the main question he desired to raise upon this last ground was the sufficiency of the service of the notice of appeal upon the deputy clerk, but the admissions of the service upon him by the clerk himself disposes of that question.

The motion to dismiss is denied.