Diggs v. Kurtz.

· The judgment of the circuit court will be affirmed. BRACE, C. J., and MACFARLANE, J., concur. BARCLAY, J., concurs in result.

DIGGS, *Appellant,* v. KURTZ *et al.*

Division One, January 28, 1896. ।

**Ejectment**: BOUNDARIES: VISIBLE MONUMENTS: PAROL EVIDENCE. Where the true dividing line between lots sold at an executor's sale was not known, but the boundaries of each were marked upon the ground by visible monuments and each lot bought by a separate purchaser in view of such monuments and of the boundaries so marked, the dividing line between the lots so located will bind the purchasers as by agreement, regardless of where the original or true line is; and in ejectment by one purchaser to recover from the other to the true line, parol evidence is admissible to prove the line as fixed at the time of the purchase.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

(1) The testimony of Kurtz and Schwabe as to what the executors intended to sell, was inadmissible. In a written contract where the words are plain and free from ambiguity, oral evidence of the intention of the parties has been universally excluded. "Declarations of intentions constitute a part of the *colloquium* or previous conversation of the parties and can be entitled to no greater weight than stipulations previously agreed upon, but not inserted in the writing, and therefore presumed to have been abandoned." *Koehring v. Muemminghoff,* 61 Mo. 403; *Murdock v. Ganahl,* 47 Mo. 135; *State v. Donnelly,* 9 Mo. App. 526; *Jones v. Shepley,* 90 Mo. 313; Lawson on Contracts, ·sec. 372;

*Poser v. Tyler*, 1 McCord, 18; *Johnson County v. Wood*, 84 Mo. 515, and cases cited. When a written contract is admitted to have been executed, it must be taken to be the contract between the parties, and they will be bound by its provisions in the absence of fraud or imposition, even though there was a different verbal agreement. *Brown v. Railroad*, 18 Mo. App. 574; *Railroad v. Cleary*, 77 Mo. 634; *O'Brien v. Kinney*, 74 Mo. 125. "The written contract supersedes a prior verbal agreement." *Hagar v. Hagar*, 71 Mo. 610; *Christman v. Hodges*, 75 Mo. 413. "Parol evidence is not admissible to contradict, add to, or vary a written contract." 1 Greenl. on Ev. [Redf. Ed.], secs. 277, 282; *Evans v. Western Brass Mfg. Co.*, 118 Mo. 553; 2 Kent's Com. [13 Ed.], side page, 556. "A clearly. written description in a deed can never be controlled by parol evidence." Tiedeman on Real Prop., sec. 827; 3 Washb. on Real Prop. [3 Ed.], ch. 5, sec. 4, p. 347; Broom's Legal Maxims, sec. 595; *Cole v. Lake Co.*, 54 N. H. 278. "Parol evidence can not be received to prove that the parties intended something different from that which the language of the deed expresses." *Wolfe v. Dyer*, 95 Mo. 551; Devlin on Deeds, sec. —; 3 Washb. on Real Prop. [3 Ed.], ch. 5, sec. 4, p. 364. "Parol testimony by the grantor to contradict or vary the description of his deed is inadmissible." *Harding v. Wright*, 119 Mo. 1. Certainly, then, the testimony of auctioneer Schwabe, who was the agent of the grantors, was inadmissible to contradict or vary the description in their deed to plaintiff. (2) Respondents' authorities are not in point, and his declarations of the law are clearly erroneous. It is true that parol evidence is admissible to identify persons and things mentioned in the deed; but the deeds are silent on the subject of red flags, and so were the advertisements in the newspapers and in the handbills.

The lots were advertised, sold, and conveyed by their numbers, and there was no mention of any red flags, except by the auctioneer Schwabe in trying to point out where the corners were supposed to be.

*C. B. Sebastian* for respondent.

(1) The trial court did not err in admitting the evidence of Schwabe and Kurtz; it was not introduced for the purpose of controverting the provisions of the deed. The deed was not in controversy. The burning question was, where was the dividing line between lots 311 and 312? To enable the court to find this, it should have all the light possible; appellant's authorities are not in point nor applicable to this kind of a case. This is a contest between two grantees of the same grantor, and parol evidence is admissible to identify persons and things mentioned in the deed so as to satisfy the description thereof; or show the intention of the grantor, and this is true, even when the deed is perfectly intelligible on its face. *Skinker v. Haagsma*, 99 Mo. 208; *Thornton v. Railroad*, 40 Mo. App. 265. (2) Even conceding (which I do not) that the oral testimony had the effect contended for by appellant, and that it was error to admit it for that reason, it would not constitute a reversible error. As the court found that there was an agreed line between appellant's and respondents' lots, and there was substantial evidence to sustain the finding, so the description called for in the deed and the true line became immaterial issues. The judgment being for the right party this court will not reverse it for an error committed in an immaterial matter. *Valle v. Picton*, 91 Mo. 207; *Gordon v. Eans*, 97 Mo. 587. (3) The evidence of the respondent, Kurtz, clearly shows that appellant and defendant understood where the line between their lots

was on sale and what each one purchased; and that after the deeds had been made they agreed that the line indicated by the stakes should be the line between their lots, and that under this agreement they each took possession, and the respondent built his fence and coal house. This clearly brings the case within the rule laid down by this court in the case of *Jacobs v. Moseley*, 91 Mo. 457. This, and the authorities cited, show that an agreement is not within the statutes of frauds and need not be in writing, as is contended by appellant.

BRACE, P. J.—This is an action in ejectment for a strip of ground ten feet wide and one hundred and forty-two and one half feet long, which plaintiff claims to be a part of lot 312 in the town of Columbia, Missouri. Kurtz is the real defendant, the other defendant being his tenant. Defendants deny that the strip is a part of lot 312, and claim that it is a part of 311. The sole contention is as to the boundary line between lots 311 and 312.

The common source of title to them and lot 310 was Col. F. T. Russell, who died in 1891. His executors, F. L. and W. T. Russell, in October, 1892, made a public sale of these lots which consisted of a block of ground surrounded by streets and alleys, with an outside fence but no division fence, stake or mark to indicate the dividing line between the three lots. It was all in one inclosure with a dwelling house near the center. Before making the sale the executors ascertained by measurement the boundary lines of the three lots and drove stakes with flags on them, showing all the corners of lots 310, 311, and 312. The sale took place on the lots. Plaintiff and defendant Kurtz were present, standing on each lot as it was sold.

The auctioneer made the sale, commencing with 312, stating, "How much am I offered for this lot, commencing at this stake with a red flag on it, and running to this one, across to this one, and then across to this one, and back to the beginning," pointing out the four stakes on the four corners of the lot to be sold. This lot was purchased by plaintiff. The auctioneer and parties including appellant then stepped across onto lot 311 and it was sold the same way, but before making the sale the auctioneer called attention to the fact that the house was on 311, and it was more valuable on that account. This lot and lot 310 were purchased by defendant Kurtz. After the sale, Mr. Gentry, appellant's attorney, drew up the deeds to these lots, describing the one purchased by appellant "as lot number 312 in the old corporate town of Columbia." No reference is made to the town plat or the flags or stakes.

Shortly after this, plaintiff and defendant Kurtz went over to the lot to see about building a partition fence. Whilst over there they both agreed that they had bought up to the line of the stakes and that line should be the dividing line between their lots. Failing to agree as to the kind of fence they should build, the respondent Kurtz built a fence of his own on his lot within about a foot of the line of the stakes and flags, took possession of the property and built a coal house and outhouse upon the strip of ground now in controversy.

Plaintiff had an ex parte survey made which placed the boundary line of lot 312 about ten feet east of that line, and brought this suit for the strip. The case was tried by the court without a jury. Judgment for defendant, and the plaintiff appeals.

The judgment for the defendant is so obviously for the right party that we deem it unnecessary to

answer at length and in detail the points urged against it. They will be all sufficiently passed upon in the few general observations following.

It appears from the evidence that at the time of the sale and the execution of the deeds to the purchasers in pursuance thereof, all parties, the executors, the auctioneer, and the purchasers were ignorant of the location of the true line. dividing and bounding these lots. To relieve this situation the executors caused the boundaries of these lots to be laid off and marked by visible monuments, on the face of the ground, so that each purchaser might know exactly the boundaries of the lot he might purchase. With these monuments in view and by the boundaries marked by them, the executor sold, and the plaintiff and defendant purchased, their respective lots, thus establishing by agreement in the most formal manner, as between them, the boundary line between lots 311 and 312 on the line claimed by the defendant, regardless of where the original or true line between those lots might have been located.

That a parol agreement establishing a boundary line between contiguous proprietors, where the parties have paid money, taken possession, and made improvements on the. faith of such agreement although such agreement changes the line called for in their title deeds, is not obnoxious to the statute of frauds, nor to the rule forbidding the introduction of parol evidence to contradict a written instrument, but is binding upon the parties and may be given in evidence under the general issue, is well settled in this state. *Jacobs v. Moseley*, 91 Mo. 457, and cases cited; *Evans v. Kunze*, 128 Mo. 670, and cases cited.

In the decision of this case, however, it is not necessary to invoke the doctrine announced in these cases to its fullest extent. For the deed here did not undertake to give a specific description of the bounda-

ries of lot 312 either in terms or by reference, and evidence of the agreement did not vary or contradict the deed, but simply identified the lot by showing the boundaries by which it was purchased and conveyed. For such a purpose parol evidence is always admissible. *Skinker v. Haagsma*, 99 Mo. 208. There is no merit in this appeal. The judgment of the circuit court is affirmed. All concur.