Steinhilber v. Holmes.

---

SARAH CATHARINE STEINHILBER v. MARTHA ELLEN HOLMES AND JOHN H. HOLMES.

No. 13,322.  (75 Pac. 1019.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Boundary Lines—Adverse Possession.*  Where parties by mutual agreement fix boundary lines and thereafter acquiesce in the lines so agreed upon, they must be considered as the true boundary lines between them, even though the period of acquiescence falls short of the time fixed by statute for gaining title by adverse possession.

2. ——— *Boundary Lines Established by Parol Agreement—Statute of Frauds.*  The owners of adjoining tracts of land may, by parol agreement, settle and permanently establish a boundary

line between their lands, which, when followed by possession according to the line so agreed upon,'will be binding upon the parties and their grantees. Such an agreement, followed by possession, is not obnoxious to the statute of frauds.

Error from Dickinson district court; O. L. MOORE, judge. Opinion filed March 12, 1904. Affirmed.

*Hurd & Hurd*, for plaintiff in error.

*Humphrey & Humphrey*, for defendants in error.

The opinion of the court was delivered by

ATKINSON, J. : This is an action in ejectment brought to recover the possession of 16.53 acres of land in Dickinson county. In July, 1886, Frederick Eicholtz died testate. He devised to his daughters, Sarah Catharine Steinhilber and Martha Ellen Holmes, plaintiff and defendant, certain lands of which the tract in controversy is a part. George A. Rush, a brother-in-law of plaintiff and Mrs. Holmes, was appointed executor of the estate. During the greater part of the year before and for several years after the death of her father, plaintiff was absent from home attending school. In January, 1887, she attained her majority. In March following, with the view of establishing the lines between the lands devised by the father to plaintiff and her sister, a surveyor, W. S. Anderson, made a survey. Upon the lines established by this survey fences were constructed and have since been maintained. In June, 1901, plaintiff caused a second survey of the premises to be made. The second survey established the lines substantially the same as the first survey. Neither of these surveys followed the statutory requirements for establishing division lines. The Anderson survey gave the tract in controversy to Mrs. Holmes. In July, 1901, plaintiff brought this

action, basing her claim to the tract in controversy upon the devise of the premises to her by the will of her deceased father.

The claim of plaintiff was that the will in express terms excepted the tract in controversy from the premises devised to her sister, and in express terms added it to premises devised to herself.   The defense was that the tract in controversy had not been devised to plaintiff under the will; that the division or boundary lines between the premises of plaintiff and her sister had been established by the Anderson survey; that these lines so established had been recognized and acquiesced in by plaintiff and her sister for many years; that all controversies as to them were thereby settled, and that plaintiff, for the reasons stated, could not maintain her action to recover the tract in controversy.   The trial court found generally in favor of defendants and against plaintiff for costs, from which judgment plaintiff brings error to this court.

A careful reading of the will satisfies us that the construction given to it by plaintiff is correct, and that it was the intention of the testator to devise the tract in controversy to plaintiff.   On the trial, evidence was offered showing the Anderson survey, made in 1887; the establishing thereby of division lines; the fencing of the same; the recognition by the parties of the division lines thus established and their acquiescence in them, and the subsequent occupancy and possession by defendants of the premises in controversy.   It was also shown that the defendants had, at considerable expense, cleared up a portion of this tract of land.

The Anderson survey was made, not to determine or reestablish old lines, but to establish the division line between the premises devised to plaintiff and her sister.   These lines so established were recognized

39—68 KAN.

by the parties and acquiesced in for a period of fourteen years. Not until defendants denied to plaintiff the right and use of a private roadway over the premises of defendants, when a bad feeling arose between them, was the second survey caused by plaintiff to be made and this action commenced. The weight of authorities is against the right of plaintiff to recover. Where parties by mutual agreement fix boundary lines, and thereafter acquiesce in the lines so agreed upon, they must be considered as the true boundary lines between them, even though the period of acquiescence falls short of the time fixed by statute for gaining title by adverse possession. (*Jones v. Pashby,* 67 Mich. 459, 35 N. W. 152, 11 Am. St. Rep. 589; *Eiden v. Eiden,* 76 Wis. 435, 45 N. W. 322; *Glover v. Wright,* 82 Ga. 114, 8 S. E. 452; *Lecomte v. Toudouze,* 82 Tex. 208, 27 Am. St. Rep. 870, 17 S. W. 1047; *City of Bloomington v. Cemetery Association,* 126 Ill. 221, 18 N. E. 298.)

Plaintiff at the trial offered evidence tending to show that the Anderson survey was made when she was absent from home attending school, and that she had never authorized the survey, and, in fact, had no knowledge of it. As against this claim of plaintiff, evidence was offered to show that George A. Rush was the agent of plaintiff during her absence; that he rented the premises for her, collected the rents, and used the same wherever he deemed it necessary for her interest; that he was instrumental in having the Anderson survey made; that he paid from money in his hands one-half of the expense of this survey, the defendants paying the other half; that he constructed for plaintiff one-half of the division-line fence; that plaintiff, when at home from school, had opportunity to see and did see and know of the established lines and the construction of the fences; that

after her marriage, and for years before the com-
mencement of this action, she resided upon the prem-
ises devised to her, except the tract in controversy.

The disputed facts were before the trial court upon
conflicting evidence.   The finding of that court is
conclusive here.   It is claimed that the agreement as
to the boundary lines, if there was any agreement be-
tween the parties, was in parol.   It is contended that
the owners of adjoining lands cannot, by parol agree-
ment, mutually settle and establish boundary lines
between them.   The law upon that proposition is
well settled.   The owners of adjoining tracts of land
may, by parol agreement, settle and permanently es-
tablish a boundary line between their lands, which,
when followed by possession according to the line
agreed upon, will be binding upon the parties and
their grantees.   Such an agreement, followed by pos-
session, is not obnoxious to the statute of frauds.
The agreement is not viewed as one passing title; but
it is viewed as an agreement fixing the location where
the estate of each is supposed to exist.   (*Lecomte v.
Toudouze,* supra; *City of Bloomington v. Cemetery Asso-
ciation,* supra; *Edwards v. Smith,* 71 Tex. 156, 9 S. W.
77; *Burris v. Fitch,* 76 Cal. 395, 18 Pac. 864; *Diggs v.
Kurtz,* 132 Mo. 250, 53 Am. St. Rep. 488, 33 S. W. 815.)

The judgment of the court below is affirmed.

All the Justices concurring.