No. 18,541.

ERNEST C. KASTNER, *Appellee*, v. HENRY BAKER, *Appellant*.

SYLLABUS BY THE COURT.

HOMESTEAD—*Agreement as to Boundary Line by Husband Alone —Ineffectual.* The owner of land occupied by himself and wife as their homestead made, without his wife's knowledge or consent, a verbal agreement with an adjoining landowner by which a fence standing on the homestead should be the boundary line, and for some years thereafter the agreement was acquiesced in by both parties and defendant occupied up to the fence. Thereafter the owner of the homestead, his wife joining, sold and conveyed the entire tract of land to the plaintiff, who sued the defendant in ejectment to recover the strip of land between the true boundary and the fence. *Held,* that the land being a part of the homestead, the agreement or contract with the husband, made without the joint consent of the wife, was ineffectual, and that upon the facts stated in the opinion the plaintiff was entitled to judgment.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed April 11, 1914. Affirmed.

*E. M. Brunner,* of Wamego, *E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* all of Holton, for the appellant.

*E. C. Warfel,* of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The case in the district court was an action in ejectment. The case was tried to the court and judgment given for the plaintiff. The defendant appeals.

The land in dispute is a strip twenty-six feet wide at the east end, forty-one feet wide at the west end, and is off the north side of a forty-acre tract belonging to the plaintiff. The defendant owns the forty acres adjoining the plaintiff on the north and was in possession of the strip of land, claiming that F. J. Crawford, from whom the plaintiff purchased, had verbally agreed with him that a fence should be built on the line of an old fence between the two tracts of land and that the fence should be the boundary line, and that after the erection of the new fence Crawford and the defendant each occupied and farmed the land up to the fence on his own side. Plaintiff obtained his title by a warranty deed from F. J. Crawford and Laura A. Crawford, his wife. His grantors were occupying the land as a homestead at the time that F. J. Crawford made the verbal agreement with the defendant. The facts were found by the trial court, among which are that a legal survey was made by the county surveyor in 1903, which located the line between the two forties twenty-six feet north of the east end and forty-one feet north of the west end of the fence. The court expressly finds that up until the time of the survey the respective owners of the two forties had understood and believed that the old fence was on the true line; that the agreement between the defendant and F. J. Crawford regarding the dividing line between their lands was not in writing and was without the knowledge or consent of Laura A. Crawford, the wife of F. J. Crawford; that the verbal agreement was made after the survey and after both knew the location of the true line.

Upon these facts the court held, as a conclusion of law, that the plaintiff is the owner and entitled to the

possession of the strip of land in dispute. One of the questions argued is whether or not parties may by verbal agreement settle the location of a line fence after they actually know the location of the true boundary between their lands. It is said in the briefs the trial court ruled that because the agreement was not in writing and was not made until after the true line was known from the legal survey it was not a settlement of any dispute, but would amount, if anything, to a conveyance of real estate, and was therefore void under the statute of frauds.

In the article on "Verbal Agreements" in 29 A. & E. Encycl. of L. 881 it is said:

"Where there is a dispute as to the true division line between adjoining proprietors, or the line is uncertain and they are both ignorant as to its true location, an agreement under which a permanent boundary line is fixed and possession is taken is binding though not in writing. Where, however, the boundaries are established they can not be altered unless the agreement therefor is in writing."

Many cases are cited in support of the text and none is cited to the contrary. The same rule is declared in 5 Cyc. 932, and in 8 Cent. Dig., title "Boundaries," § 216 and cases cited.

Probably the weight of authority supports the doctrine as stated. It is not believed that any of the decisions from our own court holds to the contrary, although some of them, among others *Steinhilber v. Holmes*, 68 Kan. 607, 75 Pac. 1019, states only the general rule that parties may by verbal agreement fix boundary lines and thereafter acquiesce in the lines so agreed upon, and that such an agreement followed by possession is not obnoxious to the statute of frauds. In *Parks v. Baker*, 81 Kan. 351, 356, 105 Pac. 439, it is stated in the opinion that there had been a doubt respecting the true line at the time the oral agreement was entered into. In *Sheldon v. Atkinson*, 38 Kan. 14, 16 Pac. 68, the opinion states that the true boundary

line was not known and was a proper matter of settlement and adjustment; and that this fact distinguished the case from those where the corners and boundary lines are known and visibly marked.    (See, also, *Peterson v. Hollis,* 90 Kan. 655, 136 Pac. 258, and cases cited.)

It will be observed that the court in the present case found generally for the plaintiff, and, in part at least, on the ground that without the knowledge and consent of Laura A. Crawford, the wife of F. J. Crawford, the strip of land in question, being a part of their homestead, could not be conveyed by the verbal agreement or contract.    The defendant contends that Mrs. Crawford was estopped by her conduct from setting up any claim herself, and that the plaintiff is bound by her estoppel. We have been unable to find anything in the evidence which, in our opinion, would have justified a finding that she was estopped from claiming the land in controversy under her homestead rights, and it may be said that all the facts found by the court are supported by evidence.    Mrs. Crawford testified in substance that she knew of the survey and where the line was, and knew of her husband and Baker building the fence and where they built it; but she nowhere testifies that she knew of or consented to the agreement upon which the defendant relies.    The court finds that it was made without her knowledge and consent; therefore, she never assented to it, and the fact that she made no claim to the land while Baker, the defendant's grantor, was in possession would not estop her from claiming her homestead right.    The plaintiff purchased from her all her right and title, and while not entitled to claim the benefit of the homestead exemption as a personal privilege, it has been decided that he may, for the purpose of establishing his own title, show that when he purchased the land it was a homestead; and, of course, he may rely upon the legal proposition that the compact or arrangement with Crawford was made without her

joint consent. (*Howell, Jewett & Co. v. McCrie,* 36 Kan. 636, 655, 14 Pac. 257; *Elwell v. Hitchcock,* 41 Kan. 130, 132, 21 Pac. 109.) The land being a part of the homestead, the agreement or contract with the husband, made without the joint consent of the wife, was ineffectual, and upon this ground alone the plaintiff was entitled to judgment. It is needless, therefore, to determine the question as to the statute of frauds.

The case was tried without a jury, and it will be presumed that no incompetent testimony was considered by the court. We have carefully considered, as no doubt the court did, the evidence offered in support of a motion for a new trial, and think the motion was properly overruled.

The judgment is affirmed.