Dean v. Evans.

No. 21,843.

NELSON DEAN and MELISSA DEAN, *Appellees*, v. JOHN R. EVANS, as Sheriff, etc. (J. M. BONNER and H. B. BARKER, *Appellants*).

SYLLABUS BY THE COURT.

1. HOMESTEAD—*Boundary by Agreement and Acquiescence—Occupation in Good Faith.* An owner of a quarter section of land occupied by him and his family as a homestead, the residence being understood to be on the line between the two halves of the tract, sold the east half of the quarter section, and with his wife continued to live in the west half of the residence. The owner and the grantee did not know the exact boundary line between the two halves of the tract, but it was orally agreed between them that the center of the house should be the dividing line between the two tracts, and this agreement has been acquiesced in ever since the conveyance was made. They were mistaken as to the boundary line, as the house was found to be entirely on the east side of that line, but the outbuildings used in connection with the home were located wholly on the west side of the line. It was the intention of the plaintiffs to occupy the west half, including a part of the house, as their homestead, and there has been no change of purpose nor any cessation of occupancy. The tract occupied by plaintiff as his homestead was seized and sold under a judgment against the owner alone, and in an action brought by the owner and his wife to enjoin the issuance of a deed it is held that the property was exempt as the homestead of the owner and his wife.

2. SAME—*Sale and Confirmation Under Execution Against Husband— No Estoppel Against Wife to Claim Homestead.* Although the owner

moved to set aside the sale under the execution and did not appeal from the overruling of his motion, and the confirmation of the sale, he and his wife were entitled to the remedy of injunction to prevent the issuance of a deed and a conveyance of their homestead, his wife not being a party to the action and judgment under which the execution was issued, and their action of injunction having been begun before the expiration of the period of redemption.

Appeal from Hodgeman district court; ALBERT S. FOULKS, judge. Opinion filed March 6, 1920. Affirmed.

*Roscoe H. Wilson,* of Jetmore, for the appellants.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action a perpetual injunction was adjudged against the issuance of a deed conveying a tract of land found to be the homestead of the plaintiffs, and from the judgment defendants appeal.

For a great many years the plaintiffs, Nelson Dean and his wife, owned and occupied a quarter section of land in Hodgeman county as their homestead. Their son-in-law, Herman Knoefler, and his wife, lived in the house with them, and a few years ago the plaintiffs conveyed the east half of the quarter section to them. After the conveyance all the parties continued to live together in the same house, the plaintiff and his wife occupying a bedroom on the west side of the middle of the house, as their sleeping room. The plaintiffs did not know the exact line between the two tracts, but believed that it passed through the house near the center. At the time of the conveyance it was orally agreed between the parties that the center of the house should be the dividing line between the two tracts, and this agreement has been acquiesced in ever since the conveyance was made. In fact, the dwelling house was located entirely on the east half of the quarter section, but most if not all of the outbuildings were located on the west half of that quarter.

On November 20, 1911, the defendants, Bonner and Barker, recovered a judgment against Nelson Dean for $855.50, but Melissa Dean, his wife, was not a party to that action. Afterward an execution was issued and levied on the west half of

the quarter section, and the land was sold at sheriff's sale on May 26, 1914. Nelson Dean filed a motion to set aside the sale, but this motion was overruled and the sale confirmed, and the period of redemption was fixed at eighteen months. Before the expiration of the redemption period this action was begun, and the court, after finding the facts as stated, found that it was never the intention of the plaintiffs to move away from the west half of the quarter section, but that they did intend to make their home on the west half so long as they might live. It was further found that they were mistaken as to the location of the dwelling house and believed that a part of the house was located on the west tract. From the findings the court concluded that the quarter section of land was their homestead, and therefore the injunction was made perpetual.

Two questions are raised on the appeal; one, Does the fact that the parties understood and agreed that the house occupied by them was partly upon the west half of the tract, and the acquiescence in the agreement as to where the dividing line was, entitle them to claim the west half as a homestead? and second, Are the plaintiffs barred from relief because they did not appeal from the order refusing to set aside the sale, and the order confirming the sale?

Was the tract impressed with a homestead character? To give it that character it was necessary that it should be occupied as a residence by the family of the owner, and so it has been held that:

"The dwelling house upon the homestead is an inseparable part of it. There can be no homestead without a place of family-dwelling, either actual, or in such contemplation as amounts to the same thing." (*Peak v. Bank*, 58 Kan. 485, 489, 49 Pac. 613.)

The plaintiffs believed the dwelling was, in part, on the land claimed as their homestead, and they intended in good faith to occupy the tract as their home. Before the sale of the east half to Knoefler the whole quarter section was their homestead, and when they made the sale it was their purpose to reserve the west half, including a part of the house, as their homestead. While intention alone cannot give a homestead right, it is an important factor in giving property a homestead character. There can be no question but that plaintiffs intended to dedicate the west half of the quarter section, in-

cluding one-half of the house, to the uses of a home, and it
is to be noted that all of the outbuildings used in connection
with the home were wholly upon the west half. In making
the sale it was agreed between plaintiffs and Knoefler that
the division line between the two tracts passed through the
middle of the house. They did not know exactly where the
line was and so to put the question at rest the grantors and
grantee entered into an agreement that the center of the house
should be treated as the dividing line. The owner of the east
tract has not questioned the binding force of the agreement,
but on the contrary has acquiesced in it ever since the sale
was made. It is competent for parties to permanently estab-
lish a boundary line between their lands by agreement, and
where it is followed by possession according to the agreement
it is binding upon the parties and their grantees. (*Steinhilber
v. Holmes,* 68 Kan. 607, 75 Pac. 1019.) As between the
owners of the two tracts the agreed line is the boundary, and
a creditor certainly has no greater rights or equities than
does the adjoining owner. Homestead provisions are humane
in character and policy, and claims of homestead exemption
are to be given a liberal construction with a view of advanc-
ing the beneficial purposes of such provisions. Following this
principle it must be held that the occupancy of plaintiffs was
such as to give the tract in question the homestead character,
and protect it from sale under execution.

There is a contention that plaintiffs were precluded from
claiming an exemption because of their delay in bringing this
action. After the sale was made Nelson Dean moved to set
it aside, but this motion was overruled and the sale was con-
firmed, and from that order no appeal was taken. Instead
of pursuing that remedy Nelson Dean chose to join with his
wife in this action to prevent the issuance of a deed, and it
was begun before the period of redemption had expired.
Mrs. Dean was not a party to the proceeding in which the
execution was issued and the sale made, and she was not
concluded by her husband's action or by any of the proceed-
ings in the case. (*King v. Wilson,* 95 Kan. 390, 148 Pac. 752.)
Aside from this consideration, the decision of a court over-
ruling a motion to set aside a judicial sale is not conclusive
as to the ultimate rights of the party making the motion, and
certainly it could not affect the homestead of the wife who

was not a party to the action or motion. (*Mills v. Pettigrew,* 45 Kan. 573, 26 Pac. 33.)

There was no such laches in the case as deprived the plaintiffs from asserting their rights in this proceeding.

Judgment affirmed.