No. 23,723.

ALICE V. SHAFER, *Appellee,* v. EVA LEIGH and C. R. SCHIEK, *Appellants.*

SYLLABUS BY THE COURT.

1. FINDINGS OF FACT—*Recapitulation of Evidence.* Because certain complained of findings of fact are a summary and recapitulation of the evidence, *More v. Burroughs,* 111 Kan. 28, 205 Pac. 1029, followed.

2. *Boundaries of City Lots—Established by Parol Agreement—Binding on Parties Thereto.* Where the owner of a block of a platted addition to a city causes a resurvey of the block to be made and causes stakes to be placed to indicate the corners of the lots, and then conveys the lots to separate purchasers, describing the land as described in the plat, and uses the stakes to indicate the corners of the lots, and the purchasers agree among themselves that the lines between the lots shall be as indicated by the stakes, those lines, as between those purchasers and their grantees, become the boundaries of the lots, where the original marks indicating the location of the lots have become obliterated and the location of the corners is unknown.

3. SAME—*Injunction Not Inequitable.* A judgment enjoining one of such lot owners and a surveyor employed by him from going on the property of an adjoining lot owner for the purpose of relocating and moving the line is not inequitable.

4. *Title to Real Property—In What Manner Triable.* Title to real property may be tried in any form of action where the parties frame the issues for that purpose and no objection is made.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed October 7, 1922. Affirmed.

*J. L. Stryker,* and *W. H. Edmundson,* both of Fredonia, for the appellants.
*E. D. Mikesell* and *A. A. Nattier,* both of Fredonia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff obtained a judgment against the defendants finding that a certain fence is the boundary line between the property owned by the plaintiff and that owned by the defendant, Eva Leigh, and enjoining the defendants from entering upon the premises belonging to the plaintiff. The defendants appeal.

The action was tried by the court, and special findings of fact and conclusions of law were made. The dispute between the landowners, the plaintiff, and defendant Eva Leigh—defendant C. R. Schiek was a surveyor—arose over the line between their properties, defendant Leigh claiming that the line was seventeen inches

south of the fence which divided their ground. Leigh owned property north of the line, and the plaintiff owned property south of the line.

The real estate involved is a part of Johnson's Addition to the city of Fredonia in Wilson county. The addition, consisting of three and one-half blocks, was platted in 1872. In 1884, Isaac Hudson became the owner of block thirty-four, a half block at the west end of the addition. He used the property for a cow pasture. The stakes or marks indicating the boundaries of the lots became obliterated. In 1907 he sold the property in controversy and other parts of the block. Some of those purchasing desired to know the location of the lots. Hudson caused a survey to be made, and wooden stakes were set at the corners of each lot. The lots were thirty feet wide. The descriptions in the deeds were according to the plat of Johnson's Addition. The stakes were used to show the location of the properties. The lots sold were improved, and the improvements were located according to the stakes set by the survey that Hudson had caused to be made. Defendant Leigh acquired her property from her husband, who purchased it from Lawson D. Mikesell in 1919.

The twelfth, thirteenth, and fourteenth findings of fact were as follows:

"12. On or about the 22nd day of August, 1907, while Lawson D. Mikesell was the owner of lots 1 and 3 and the north five feet of lot 5 and Alice V. Mikesell, now Alice V. Shafer, was the owner of lots 5 and 7, except five feet off the north side of lot 5 in said block 34, they, the said Lawson D. Mikesell and Alice V. Shafer, after viewing the stakes as located by the Kennedy survey, and measuring therefrom, marked the east and west ends of the boundary line between said lots 3 and 5, and a straight line between the stakes was thereafter regarded as the boundary line between the properties of Lawson D. Mikesell and Alice V. Shafer; and on the 18th day of April, 1913, which was the date of the conveyance of said Alice V. Mikesell to the said Lawson D. Mikesell of the north five feet of lot 5 in said block 34 the plaintiff, Alice V. Shafer, and said Lawson D. Mikesell orally agreed on the boundary line between the property then owned by said Lawson D. Mikesell, to wit, lots one and three and the north five feet of lot 5 in said block 34, and the property owned by the plaintiff—lots 7 and all of lot 5 except the north five feet thereof. This line was measured in accordance with the Kennedy survey, and it was orally agreed between the parties at that time just where the line should be and a substantial fence was built on said line to mark the same. Said fence is still in existence and has been recognized as the boundary line between said properties continuously since said oral agreement was made. The said fence is substantial with vines growing thereon and may be readily observed by any one visiting the property. When F. D. Leigh and Eva Leigh

purchased said property they examined the same and observed the use and occupancy of said property between the then owners as to this fence being the boundary line between the said properties.

"13. The barn of the defendant at the northwest corner of lot 1 in said block 34 is on the line established by the Kennedy survey, and beginning at the stake set by the Kennedy survey at the northeast corner of said lot 1 measuring south to the line fence above referred to is a distance of 65 feet, which gives, according to that measurement and according to the Kennedy survey the defendant's full lots 1 and 3 and five feet off of the north side of lot 5, and all of the property in block 34 has been improved and the lines located according to this survey, and the changing of the north line of defendant's property would result in a change of all of the lines in said block 34 for the very reason that said properties have been improved in conformity with said survey.

"14. On or about the 28th day of July, 1920, the defendant employed C. R. Schiek, City engineer of Fredonia, Kansas, to re-survey her property in said block 34 and re-locate the boundary line between the properties of the plaintiff and defendant, and the defendant, the said C. R. Schiek, as said city engineer, and C. P. Donald, County Engineer, went upon said property to survey the same. No notice was ever served upon the plaintiff as to the making of this survey. The defendant claims and contends that the line fence above referred to is not the true boundary line between the said properties, but that the true boundary line is about seventeen inches south of said boundary line or fence which was agreed upon between the plaintiff and the said Lawson D. Mikesell as the boundary line."

1. The defendants contend that the thirteenth and fourteenth findings of fact were not supported by evidence. An examination of these findings reveals that the facts therein stated are almost wholly of an evidentiary nature. These findings are summaries or recapitulations of the evidence concerning those facts. Those facts were testified to by witnesses, but the language used in the findings is that of the court, not of the witnesses. In *More v. Burroughs,* 111 Kan. 28, 205 Pac. 1029, this court said:

"Findings of fact which are a correct recapitulation of the evidence cannot be said to be in conflict with the evidence or to be unsupported thereby." (Syl. ¶ 1.)

That declaration is approved and disposes of this proposition.

2. It is contended by the defendants that the court erred in its conclusions of law. The conclusions of law were as follows:

"1. That the boundary line between the property now owned by the plaintiff, to wit, lot seven and the south twenty-five feet of lot five, in block 34, Johnson's addition to the City of Fredonia, Kansas, and the property owned by the defendant, Eva Leigh, in block 34, in Johnson's addition to the City of Fredonia, Kansas, is where the fence erected by the plaintiff and the said

Shafer v. Leigh.

Lawson D. Mikesell, as found in finding number 12 of the findings submitted herewith.

"2. That the location of said boundary line could not be changed by any survey that might be made of said properties for that purpose and the plaintiff is entitled to the injunction prayed for in her petition."

The defendants support their contention by arguing that the descriptions in the deeds are conclusive, notwithstanding the survey that was made when Hudson sold the properties, notwithstanding the understanding of the purchasers, and notwithstanding the making of improvements in accordance with that survey and understanding. The contention of the defendants is not good. The location of the lots in this block was unknown when Hudson sold to the various purchasers. It was entirely proper for him to mark the corners to the lots and for the purchasers to buy according to those marks and for the purchasers to agree that the lines should be as indicated by the marks.

In *Sheldon v. Atkinson,* 38 Kan. 14, 16 Pac. 68, it was held that—

"If a corner and a division line are established by a parol agreement between two proprietors of adjoining lands, and such corner and division line are acted upon and acquiesced in for a period of time equal to the statute of limitations, such corner and division line are binding and conclusive on the parties and those claiming under them." (Syl.)

In *Steinhilber v. Holmes,* 68 Kan. 607, 75 Pac. 1019, it was held that—

"Where parties by mutual agreement fix boundary lines and thereafter acquiesce in the lines so agreed upon, they must be considered as the true boundary lines between them, even though the period of acquiescence falls short of the time fixed by statute for gaining title by adverse possession.

"The owners of adjoining tracts of land may, by parol agreement, settle and permanently establish a boundary line between their lands, which, when followed by possession according to the line so agreed upon, will be binding upon the parties and their grantees. Such an agreement, followed by possession, is not obnoxious to the statute of frauds." (Syl.)

Support for this rule can be found in *Parks v. Baker,* 81 Kan. 351, 105 Pac. 439; *Edwards v. Fleming,* 83 Kan. 653, 112 Pac. 836; *Kastner v. Baker,* 92 Kan. 26, 28, 139 Pac. 1189; *Dean v. Evans,* 106 Kan. 389, 188 Pac. 436.

3. Another proposition urged is that the judgment is inequitable. Why is it inequitable? The defendant has the full amount of land conveyed to her. The lines are as indicated when the Leighs acquired the property. The lines to the property were adjusted be-

fore the Leighs bought it. It would be inequitable to permit those lines to be disturbed at this time.

4. On the oral argument in this court, it was contended that title to the property cannot be determined in an injunction action. This question is not argued in the briefs. The plaintiff's petition alleged title to the property and interference with the possession thereof by the defendants, and asked for an injunction. The answer contained a general demurrer, alleged title in Eva Leigh, prayed that she be declared the owner of the property, and asked for damages. The demurrer does not appear to have been passed on. The action was tried by the court. It is not shown that a jury was requested by either side. It does appear that the action was tried as one to determine the title to the property. It does not appear that any objection was made to the form of the action, nor that this question was called to the attention of the trial court. Under these circumstances, the judgment should not be reversed, even if injunction is not a strictly proper form of action in which to try title to real property. Parties can try title in such an action if they want to do so.

The judgment is affirmed.