No. 27,093.

Daniel McBeth, *Appellee,* v. A. H. White, *Appellant.*

SYLLABUS BY THE COURT.

Boundaries—*Ascertainment and Establishment—Agreement of Parties Conclusive.* An owner of about thirty acres of land sold part of it to another. The vendee made it a condition of his purchase that the line between them be definitely established. A surveyor was called in, who measured the land to be sold, set stakes at the corners, and laid out the line between the part sold and the part not then sold. The parties then agreed that the line so laid out should be the line between them, and they built a partition fence thereon. The vendee took possession of, and claimed to own, the land purchased up to this fence. *Held,* the line on which the fence was built became the true division line between the tracts of land, binding upon the parties and their grantees, although a later survey of the tract then retained by the vendor indicated that the line should have been a few feet from where it was established.

Appeal from Dickinson district court; Cassius M. Clark, judge. Opinion filed February 12, 1927. Affirmed.

*George D. Bischoff,* of Abilene, for the appellant.
*S. S. Smith,* of Abilene, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action in ejectment, for a strip of land about 80 rods long and 12 feet wide at one end and 5 feet wide at the other. It was tried to the court. Judgment was rendered for plaintiff. The defendant has appealed.

The circumstances giving rise to the controversy are substantially as follows: On October 6, 1908, and for some time prior thereto, Geo. H. Graves was the owner of the southeast quarter of the northeast quarter of section 24, township 13, range 1, in Dickinson county (except the north 10 acres thereof). There was a road along the south line of this land. On October 6, 1908, Graves sold the south nine acres of his land to one Ramsey. Perhaps Ramsey wanted nine full acres, exclusive of the road; at any rate he agreed to buy only on condition that the land be measured and the north line of the tract he was buying should be definitely fixed and marked, and that he and Graves should build a partition fence on such line—each to build one-half of the fence. This was agreed to by Graves. A surveyor was called in, the nine acres sold to Ramsey was meas-

Boundaries, 9 C. J. pp. 235 n. 22, 249 n. 46; 4 R. C. L. 126.

ured, iron pins were driven at the northeast and at the northwest corners of the nine-acre tract and the line was run between the nine-acre tract sold to Ramsey and the land retained by Graves. The parties agreed this should be the line between them. The sale was then completed. The nine acres so measured off was conveyed by Graves to Ramsey. Soon thereafter they built a partition fence on the line so marked and measured. Ramsey took actual possession of the nine acres which he had purchased from Graves and farmed it up to this partition fence. Plaintiff is the owner of this nine acres through mesne conveyances from Ramsey. He and his grantors had been in actual possession of such property from October 6, 1905, to April 5, 1924, when defendant took possession of the strip in question under circumstances which will now be stated.

Some time after selling the nine acres to Ramsey, Graves sold the twenty acres directly north of it. The defendant is the owner of this twenty acres through mesne conveyance from Graves. Early in April, 1924, the defendant White had his twenty acres surveyed. This survey showed his south line to be south (12 feet at one end and 5 feet at the other) of the partition fence built by Graves and Ramsey on the line which they established, as above recited. Defendant tore down this partition fence and took possession of this strip of land. Hence, this lawsuit.

Appellant contends that the possession of plaintiff, and his grantors, to the strip in question, although for more than fifteen years, did not ripen into title, for the reason that such possession was not adverse to defendant and his grantors; citing *Scott v. Williams*, 74 Kan. 448, 87 Pac. 550; *Edwards v. Fleming*, 83 Kan. 653, 112 Pac. 836, and *Kinne v. Waggoner*, 108 Kan. 814, 197 Pac. 195. In these cases the doctrine is stated and applied that one who holds title to land, and by mistake as to a boundary line occupies a strip of land owned by another, without any intention to take and hold land which does not belong to him, or any land beyond the true line of the land which he owns, will not acquire title to such strip by adverse possession. In such a case, if the intent to claim title exists only on condition that the fence is on the true line, the intention is not absolute but conditional, and the possession is not adverse. If, however, there is a clear intention to claim the land up to the fence, whether it be the correct boundary or not, the possession will be held adverse.

McBeth v. White.

But under the facts in this case there is no necessity of resorting to the doctrine of acquiring title by adverse possession. The evidence in this case shows there was an agreement between Graves and Ramsey as to the boundary line between them. Ramsey made it a condition of his purchase that the line be so established. When the land was measured off, the stakes set, and the line laid out, the parties agreed that should be the division line between them, and that they would build a partition fence on that line, and they did so. Ramsey claimed to own the land up to that partition fence because he had bought it and paid for it. The evidence clearly supports the view that he had a clear intention to claim the land up to the fence. Under the facts established the case is governed by the rule announced in *Steinhilber v. Holmes*, 68 Kan. 607, 75 Pac. 1019, where it was held:

"Where parties by mutual agreement fix boundary lines and thereafter acquiesce in the lines so agreed upon, they must be considered as the true boundary lines between them, even though the period of acquiescence falls short of the time fixed by statute for gaining title by adverse possession."

In *Shafer v. Leigh*, 112 Kan. 14, 209 Pac. 830, it was held:

"Where the owner of a block of a platted addition to a city causes a re-survey of the block to be made and causes stakes to be placed to indicate the corners of the lots, and then conveys the lots to separate purchasers, describing the land as described in the plat, and uses the stakes to indicate the corners of the lots, and the purchasers agree among themselves that the lines between the lots shall be as indicated by the stakes, those lines, as between those purchasers and their grantees, become the boundaries of the lots, where the original marks indicating the location of the lots have become obliterated and the location of the corners is unknown."

And see *Rodriguez v. Ranch Co.*, 17 N. M. 246, where many cases on the subject are collected and the doctrine applied.

The court below made no specific findings of fact, but it is clear that the judgment for plaintiff is based upon the evidence and is in accord with the authorities.

The judgment is affirmed.