No. 27,270.

DAVID I. BLANFORD et al., *Appellees,* v. DAVID BIVEN et al., *Appellants,* EDITH M. BLANFORD and ARZELIA B. UTTERBACK, *Appellees.*

SYLLABUS BY THE COURT.

1. BOUNDARIES—*Ascertainment and Establishment—Agreement of Parties Conclusive.* When one who owns a tract of land sells a part of it to another, and the seller and purchaser go upon the land, and agree to the location of the line dividing the property sold from that not sold, the line so agreed upon becomes the line between the parties, although a subsequent survey or measurement of the premises may disclose that it should have been a few feet one way or the other.

2. EQUITY—*Jurisdiction to Afford Complete Relief.* In a suit to reform deeds in accordance with the agreements of the parties, and for an injunction, and for other appropriate equitable relief, where the court has jurisdiction of the parties and the subject matter, such orders may be made, although mandatory in character, as will result in an equitable disposition of the controversy among the parties.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed April 9, 1927. Affirmed.

*E. E. Martin* and *H. J. Emerson,* both of Kansas City, for the appellants.
*David F. Carson* and *Louis R. Gates,* both of Kansas City, for the appellees.

Boundaries, 9 C. J. pp. 230 n. 85, 231 n. 86; 10 L. R. A. n. s. 610; 4 R. C. L. 126. Reformation of Instruments, 34 Cyc. p. 994 n. 87.

The opinion of the court was delivered by

HARVEY, J.: This is a suit to enjoin defendants from tearing up a cement walk and constructing a wall at the place thereof, to reform certain deeds, and for relief incident thereto. It was tried to the court, with the jury sitting in an advisory capacity. The jury answered special questions, which were approved by the court. Judgment was rendered for plaintiffs. The defendants have appealed.

The facts giving rise to the controversy are substantially as follows: Dr. D. I. Blanford owned two 50-foot lots, Nos. 23 and 24, directly south of Walnut street, facing Holmes street, in Rosedale, now a part of Kansas City, Kan. The title to these lots was in the name of his wife, but Doctor Blanford transacted all the business in connection with the property. The two lots had a frontage of 100 feet on Holmes street. Doctor Blanford erected thereon three residence properties facing Holmes street, intending to allot to each of the properties one-third of the frontage, 33⅓ feet. For use in connection with the north one of the houses a cement sidewalk was constructed on the south side of the house from the street to the rear of the house and premises. For the use of the middle house a similar walk was constructed on the north side of the middle house. This walk was two feet wide and extended from the street to the rear of the premises along and just a few inches from the north side of the middle residence. The two sidewalks were about three feet apart. In April, 1920, Doctor Blanford sold the north residence property to the defendants, David Biven and wife. In showing the property to them, and at the time of making the agreement for the sale, he pointed out to them that the south line of the property he was selling was the north line of the sidewalk north of the middle house. Mr. and Mrs. Biven bought this property understanding this was the south line of the property they purchased. They moved into the property and occupied and used that portion of the property north of the north line of this sidewalk. In June, 1920, Doctor Blanford sold the middle one of the three houses to R. W. Utterback and wife, and at the time of such sale pointed out to them as the north line of the property sold the north line of the sidewalk north of the center house. Utterback and wife moved into the property and used the sidewalk north of their house as a part of the property purchased. They sold and conveyed this middle residence property to the plain-

tiff Buckland in March, 1921. In conveying the property to the respective purchasers Doctor Blanford and wife had the deeds read 33⅓ feet in each case; that is to say, in conveying to the defendants David Biven and wife, the property was described as "the north 33⅓ feet of lot 24," and in conveying to W. R. Utterback and wife, the deed read for "the south 16⅔ feet of lot 24 and the north 16⅔ feet of lot 23."

Notwithstanding the description in the conveyances, the purchasers recognized the line between their respective lots as being the north line of the sidewalk north of the center property. Some time later a survey was made of the property which disclosed the line as shown by the conveyances to be along the *south line* of the walk north of the center property. Thereafter David Biven and wife claimed this walk as a part of their property by reason of the deed, and were starting to tear the walk up and to build a stone wall where the walk had been. The suit is to enjoin that action and to reform the deeds to conform to the original agreement with the parties as to the division line between the properties, and other proper equitable relief.

Much evidence was introduced. The jury found that at the time of the respective sales of the two premises it was agreed between Doctor Blanford and the respective purchasers that the line between the two properties was along the north line of the sidewalk; that the sidewalk belonged with the center property. The court approved this finding and reformed the deeds accordingly.

The deed to Mr. and Mrs. Biven was reformed to show a conveyance of the north 31⅓ feet of lot 24 instead of the north 33⅓ feet of the lot, and the deed to Utterback was reformed to show a conveyance of the south 18⅔ feet of lot 24 and the north 14⅔ feet of lot 23 instead of the south 16⅔ feet of lot 24 and the north 16⅔ feet of lot 23. But it was clear from the evidence, and the finding of the jury, that Biven thought he was buying 33⅓ feet front on Holmes street, and Doctor Blanford thought he was selling that quantity of ground. There was no mistake between the parties as to the location of the south line of the property sold to Biven, but there was a mistake as to the width of the portion of the lot sold. The parties thought the width was 33⅓ feet, but subsequent surveys showed it to be only 31⅓ feet. Because the tract sold to Mr. and Mrs. Biven was not as wide by two feet as the parties thought it was, the trial

court made it a condition of the reformation of the deeds that plaintiffs pay to the defendants Biven the value of this two-foot strip, which value the court fixed at $245. Although plaintiffs sought to enjoin defendants from taking up the sidewalk in question and building a stone wall where it had been, and a restraining order to that effect was issued, it developed at the trial that defendants had torn up the sidewalk and had built a stone wall 18 inches high where the walk had been and along the south line thereof. Hence, the court decreed that defendants remove the stone wall and rebuild the sidewalk they had destroyed, and in the event they did not do so, plaintiffs might have that done and pay the cost thereof out of the $245 above mentioned.

From this decree defendants have appealed. Appellants argue, first, that the evidence is insufficient to show that plaintiffs, the Bucklands, ever acquired the two feet in question. Bucklands were grantees of the Utterbacks, who purchased from the Blanfords, with a definite agreement as to the location on the ground of their north line, and that the property conveyed included the two-foot walk in question. The Bucklands, therefore, had all the rights the Utterbacks had.

To analyze this properly we should begin with the first transaction involved—the sale to David Biven and wife. When one owns a tract of land and sells a portion of it to another and the parties go upon the land and agree upon the line between the portion sold and that not sold, that becomes the line between them, although a subsequent survey or measurement of the premises may disclose that it should have been a few feet one way or the other from the line agreed upon. See *McBeth v. White*, 122 Kan. 637, 253 Pac. 212, where a similar question arose and was determined, and the previous authorities referred to. Here the only property David Biven and his wife bought was that portion of lot 24 north of the north line of the sidewalk in question. It is true the parties at the time thought that portion of lot 24 was 33⅓ feet wide. In that it proved they were mistaken, and the deed purporting to convey the north 33⅓ feet of lot 24 was by the court reformed to conform to the quantity actually sold. Since the Blanfords sold to David Bivens and wife only that portion of lot 24 north of the north line of the sidewalk in question, they continued to own the remainder of lot 24 and all of lot 23. When they sold to W. R. Utterback and wife 33⅓ feet of lots 23

and 24, the north line of which was the north line of the sidewalk in question, they did so as owners of that property, and had a perfect right to do it, as none of it had in fact been sold to David Biven and wife. Doctor Blanford agreed with the Utterbacks that the north line of the tract sold to them was the north line of the sidewalk in question. It is true at that time he thought the north line of the sidewalk in question was $33\frac{1}{3}$ feet south of the north line of lot 24, but in that he was mistaken, and the court reformed the deeds to W. R. Utterback and wife to conform to the actual agreement between the parties. David Buckland and wife purchased from W. R. Utterback and wife, and thereby received the property which they had purchased from Doctor and Mrs. Blanford. The evidence shows that before David Buckland purchased from the Utterbacks he had a measurement made, from which he knew that a line $33\frac{1}{3}$ feet south of the north line of lot 24 would be south of the sidewalk in question, and it is argued for that reason Buckland did not acquire from the Utterbacks the sidewalk in question. But that does not necessarily follow. He also knew that the sidewalk in question was built to accompany the residence property he was buying. It served no other useful purpose. He also knew that the Utterbacks bought this sidewalk and the land upon which it was situated from Doctor Blanford and wife, and the north line of this sidewalk was pointed out to him as the north line of the property he was buying. He is therefore not precluded from claiming it because of an erroneous description in the deed.

Appellants contend that since the title to the property was in the name of Mrs. Blanford, and the evidence discloses no authority in writing from Mrs. Blanford to Doctor Blanford authorizing him to act for her, that his agreement with David Biven and wife as to the south line of the property sold them is not binding. There is no merit in this contention. We are dealing now with an executed sale of property, not with an executory contract for sale.

Appellants contend that the decree was erroneous in that in effect it compelled defendants David Biven and wife to sell a strip of their lot two feet wide to the plaintiffs at a sum fixed by the court. This contention lacks merit. David Biven and wife have all the property they ever bought from the Blanfords, and have the exact property they knew and understood they were buying. It is true they thought it was two feet wider than it actually is. They paid

$4,000 for the property purchased. In view of the fact that it is not as wide by two feet as they believed it to be, the court deemed it equitable that they should be reimbursed for part of the purchase price paid. While this was not essential to the decree, the court deemed it equitable in view of all the facts and circumstances in the case. This portion of the decree is favorable to David Biven and wife, and they are not in position to complain of it. It was a just provision and demonstrates the care of the chancellor to so frame his decree as to be equitable to the appellants.

Appellants point out that the amended petition prayed for an injunction, and that the decree contained a mandatory provision requiring appellants to remove the stone wall and to restore the sidewalk, and it is argued this is not within the issues as framed, and for that reason cannot stand. In this contention appellants are mistaken. The court had jurisdiction of all parties to be affected by the decree and of the subject matter in controversy, and was therefore authorized to frame the decree in any manner which the evidence disclosed to be necessary to make an equitable disposition of the controversy. Notwithstanding the injunction asked, and the temporary restraining order issued, David Biven and wife had torn up the sidewalk and had constructed a stone wall. We need not stop now to inquire how it came about that this was done, in view of the restraining order issued. At the time of the trial the fact was disclosed that these things had been done, hence the only just and proper decree that would be effectual and accomplish any beneficial purpose would be in the nature of a mandatory order.

Considering the case as a whole, the position of appellants has no merit throughout. The only thing which gave them any apparent right or authority to do the things which they did was the erroneous description in the deed. The record discloses that the trial court, with extraordinary patience, considered all of the contentions of appellants, few of which had any merit in fact, and framed a decree equitable to all the parties.

We find no error in the record, and the judgment of the court below is affirmed.