[No. 5228.]
## WM. GUTTENBERGER v. R. WOODS ET AL.

RELIEF IN EQUITY.— He who seeks equity must do equity, and therefore so long as the plaintiff's wall, laid on his own land, projects over the defendant's land, the court will not compel the defendant to desist from using it as a party wall.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The plaintiff was the owner of the west one-fourth of lot No. 3, between K and L and 8th and 9th streets, city of Sacramento, and had a brick building on the same, eighty feet in depth from the street. The wall on the east side of the building and lot extended one story below the surface of the ground and two stories above, and, at the surface and below, extended to the plaintiff's east line. Above the surface of the ground and on the north end the wall, near its top, inclined over the defendant's land about four inches, and in the middle of the wall, where the joists of the second story entered it, it bulged out about eight inches over the defendant's lot. The defendant, Woods, in 1874, erected a three-story brick building on his lot, and used for the wall on the line between the two lots the plaintiff's east wall by cutting holes into it four inches deep and inserting joists into the same. Where the plaintiff's wall ceased, at the top of the second story, the defendant continued it up one story higher, and rested his rafters in this new wall. The plaintiff commenced this action to obtain a decree declaring that the defendant had no right to use the wall, and to compel him to cease using it and remove his joists, and to obtain a perpetual injunction. The court gave judgment declaring the defendants' use of the wall wrongful, and restraining them from the future use of it, and requiring them to restore the wall to its original condition, and if they failed to do so authorizing the plaintiff to make the restoration.

The defendant appealed.

The defendants other than Woods were his tenants.

*L. S. Taylor*, for the Appellant.

*Grove L. Johnson and A. C. Freeman*, for the Respondent.

By the COURT:

The Court finds that the wall in controversy stands upon the east line of the plaintiff's lot and wholly on his land; but above the surface of the ground several portions of the wall project some inches over the adjoining lot of the defendant. The action is in equity to compel the defendant to desist from the use of the wall, and to remove the joists which have been inserted into it. But it is a familiar maxim in courts of equity that he who seeks equity must do equity; and so long as the plaintiff's wall projects over the defendant's land, thereby obstructing its free use and enjoyment, a court of equity will refuse to the plaintiff the redress which he seeks, except on the condition that he shall remove so much of the wall as projects over the defendant's land. The decree omits that condition and is, to that extent, erroneous.

The judgment and order are reversed and the cause remanded, with an order to the court below to modify the judgment in accordance with this opinion.