CHARLES ZEININGER V. FRITZ SCHNITZLER.

1. PLEADING—*Variance.* No variance between the allegations in a. pleading and the proof is material unless it has actually misled the adverse party to his prejudice.

2. PARTY WALL—*Agreement—Competent Evidence.* Where the owner of a stone foundation and brick wall, which he alleges is built on the division line on certain lots in the city, brings an action to recover one-half of the cost thereof against the owner of the adjoining lot, who has permanently appropriated, in the construction of his own building, one-half of such foundation and wall, it is competent upon the trial to show that the defendant was present when the division line was designated by the city engineer and made no objection to the construction of the foundation and wall while work was going on, and also that he agreed to pay one-half of the expenses of such foundation and wall when he should use the same.

*Error from Sedgwick Court of Common Pleas.*

THIS action was brought by *Fritz Schnitzler* against *Charles Zeininger*, to recover $517.45 and interest, upon a petition alleging that the plaintiff "was the owner of a certain stone foundation and brick wall on the division line between lots. Nos. 16 and 18, on Market street, in the city of Wichita, being the south wall of the brick building located on lot No. 18;" and that "the defendant erected a certain brick building on lot No. 16, and in the construction of the building used the south half of the stone foundation and brick wall built by plaintiff as the north wall of the brick building erected on lot No. 16; that the defendant then and there permanently appropriated the south half of the wall to his own exclusive use as a part of his building." The court gave the jury, among others, the following instructions:

"1. If you find that the wall in controversy was erected by plaintiff on the line between his lot and that of defendant, with the knowledge and acquiescence of defendant, and the defendant afterward erected his building upon his own lot and used the wall so erected in the construction of his building, and appropriated the wall to his own use and uses, and is benefited by the wall equally with the plaintiff, then you

should find for the plaintiff, and assess the amount of his recovery at the value of one-half the wall, as it was at the time of such appropriation, with interest on such sum from the date of such appropriation to this time, at the rate of 7 per cent. per annum.

"2. If you find from the evidence that, prior to the erection of the wall in controversy, the exact location of the division line between the lots of the parties was a matter of uncertainty, and a survey was made and a line run as such division line, and both parties at the time acquiesced in the line so run as being the division line between their lots, and further find that the plaintiff, acting upon the faith that such was the true line, and with the knowledge and acquiescence of the defendant, proceeded to erect his wall upon such line, one-half upon his own side and one-half upon the defendant's side of said line, and that afterward defendant built up to and incorporated such wall into his own building as the division wall between his own and plaintiff's building, then you should find that the defendant cannot deprive the plaintiff of his property in the wall so erected, even though it should appear from the evidence that the line so run and located was not in fact the true line between said lots, and that the wall was built wholly on defendant's lot."

The jury returned a verdict for the plaintiff below against the defendant below for the sum of $657.88. The jury also made the following special findings:

"Ques. 1. Upon whose land is the party wall in controversy built? If wholly on land of one party, or partly on land of each, so state. Ans. Evidence don't show.

"Q. 2. Was there any agreement between the plaintiff that the party wall should be built on its present location? A. Yes.

"Q. 3. Was the plaintiff induced by any act, conduct or speech of the defendant to build a party wall on its present location? A. Yes.

"Q. 4. Did the defendant, at or prior to the time when the plaintiff was building the party wall, know or pretend to know where the true division line between lots 16 and 18 on Market street was? A. No.

"Q. 5. Did the defendant designedly do or say anything for the purpose of influencing the plaintiff to build the party wall on its present location? A. No."

Subsequently judgment was entered upon the verdict. The defendant below excepted, and brings the case here.

*Edwin White Moore*, for plaintiff in error.

*Stanley & Hume*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is contended that the trial court committed error in admitting evidence for the purpose of proving an estoppel. The petition alleged that the foundation and brick wall were on the division line between lots 16 and 18, on Market street, in Wichita. The evidence offered tended to show that the plaintiff below employed the city engineer to designate and mark out the correct division line between lots 16 and 18. It seems to have been established that the foundation and wall were constructed upon the line so designated, and that the defendant below not only used the south half of the foundation and brick wall as a part of the north wall of his own building, which he erected, but also that he verbally agreed with plaintiff below to pay one-half of the expenses thereof. There is a conflict in the evidence as to whether the city engineer designated the correct division line, it being claimed upon the part of defendant below that the foundation and wall were actually laid upon his own lot, not the division line, nor upon the lot of plaintiff.

We think, upon the record, defendant below has no complaint to make.

There is evidence supporting the general verdict of the jury, and the special findings are to be harmonized, if possible, to sustain the verdict. They can be so harmonized, and therefore the judgment properly followed the verdict. The admissions and agreements of plaintiff below tended to prove that, at the time of the erection of the foundation and wall, the parties supposed they were being erected upon the division line between the lots. After the survey was made, the defendant below was present at the construction of the foundation and wall and made no objection. Both parties treated

the foundation and wall as upon the division line, and the defendant below afterward used this wall in the construction of his own building, and appropriated to himself the benefits growing out of the construction of the same. At most, the evidence objected to merely tended to corroborate the evidence of the plaintiff below, and to establish that a party wall was built; and whether it was upon the exact division line or not, is not, for the purpose of this case, material. We do not think there was such a variance between the allegations of the petition and the proof offered as to justify any reversal.

The other points submitted have been considered, and, in our opinion, they do not prevent the recovery.

The judgment of the district court will be affirmed.

All the Justices concurring.

1. PLEADING—*Variance.* No variance between the allegations in a pleading and the proof is material unless it has actually misled the adverse party to his prejudice.

