## BANK OF ESCONDIDO v. THOMAS et al.

### No. 19,580; July 25, 1895.

#### 41 Pac. 462.

**Party-wall.**—In an Action to Enjoin Defendants from using a certain wall as a party-wall, the answer alleged that said wall rested in part on defendants' land. Held, that the issue as to whether plaintiff's building extended over the dividing line was sufficiently raised by the pleadings.

Party-wall.—Where a Board of Directors Consented to Allow defendants to use a wall of the corporation's building as a party-wall, and the defendants erected a building with the knowledge and acquiescence of said directors, the corporation will be estopped to assert that defendants have no interest in the wall; but its remedy, if any, is an action for the recovery of a proportionate part of the cost of said wall.

Party-wall—Injunction.—Where Plaintiff's Wall Projects over defendants' land, equity will not enjoin defendants' use thereof as a party-wall.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by Bank of Escondido to enjoin W. W. Thomas and another from using a certain wall as a party-wall. Defendants had judgment, and plaintiff appeals. Affirmed.

Cassius Carter, David L. Withington and Withington & Carter for appellant; E. W. Britt for respondents.

BELCHER, C.—The plaintiff is a corporation engaged in the business of banking. In 1887 it acquired the title to, and erected a two-story brick building on, a lot in the town of Escondido, county of San Diego. The defendants owned the two adjoining lots on the west, and shortly after the completion of the bank building they commenced the erection of a two-story brick building thereon, and completed the same early in 1888. To lay the foundation for the west wall of its building, the plaintiff excavated a trench three feet deep and three feet wide, which extended over its line, and upon defendants' land, eleven and one-half inches. In this trench the foundation was laid, covering the whole space at the bottom, but narrowing toward the surface of the ground. The wall erected on this foundation was thirteen inches thick, and it projected over the plaintiff's line to the extent of one-half inch at the ground, one and one-half inches at the second floor joists, and two and one-half inches at the top joists. When defendants were erecting their building, they claimed the right to use the plaintiff's wall as a party-wall, and they inserted therein the joists for each of the three floors of the building, and also plastered the wall without lathing. They also, with plaintiff's consent, cut a doorway through the wall, on the second floor, so that free passage might be had between

the said buildings. After the opening of this doorway the plaintiff was required to pay an additional rate of insurance on its building by reason thereof, and it claimed that defendants should pay such increased insurance, which they did for about a year. Then they put an iron door in the opening, after which no increased insurance was charged. By design, the defendants' building, in finish and general appearance, was made the same as the plaintiff's building; and when finished the two together presented "the appearance of virtually a single building," and ever since they have been known as the "Escondido Bank Block." Later—sometime in 1892, it would seem—the plaintiff, by one of its directors, presented to the defendants a bill for $300, "for materials and work in partition wall." The bill was not paid, and thereupon, in June of that year, plaintiff commenced this action, alleging "that it is the owner and entitled to the possession" of its described lot of land; that defendants, and each of them, claim some estate or interest in said real property adverse to the plaintiff; and that their claims are without right—and praying that it be adjudged that defendants have no estate or interest whatever in or to said real property, or any portion thereof, and that they be forever enjoined from asserting any claim to the same adverse to the plaintiff. By their answer the defendants disclaimed any right, title, or interest in the land described in the complaint, except the right to use the said wall as a party-wall. The case was tried, and the court found, among other things, that the west wall of plaintiff's building was erected, extending over the dividing line of the lots, as before stated; that, with the knowledge and consent of plaintiff, the defendants inserted the joists of their building into the said wall, and used the same as a party-wall, and that no objections were at any time made by the plaintiff to such use, until the commencement of this action; that said wall is, and since the construction of defendants' building has been, a party-wall, and that plaintiff agreed with defendants that they might use it as such; that, with the consent of plaintiff, the defendants caused a doorway to be opened through the said party-wall, and afterward, to save extra insurance, placed an iron door therein, as above stated; and that defendants claim no interest in the lot of plaintiff, except for the support of said wall, and their right to use the same as a party-wall. Judgment was accordingly entered that de-

fendants have an easement of support in the said land of plaintiff, of and for the said wall, which stands partly on the plaintiff's lot and partly on the defendants' lot, and that defendants have a right to use such wall as a party-wall, and "that defendants have not, nor have any of them, any right, title, or interest in or to the land of plaintiff, except as herein expressly adjudged." From this judgment, and an order refusing to grant a new trial, the plaintiff appeals.

1. In support of the appeal, it is claimed that the finding to the effect that plaintiff's wall extends over the dividing line of the lots to the extent of from one-half an inch to two and one-half inches is not within the issues raised by the pleadings. We see nothing in this point. The answer sets up the facts in regard to the construction of the two buildings, and alleges "that the said wall of the plaintiff's building has, ever since the construction thereof, about the first day of July, 1887, as aforesaid, rested, and does yet rest, in part, on the said land of the defendants, and that the said wall is a party-wall, and ever since about the first day of March, 1888, has been used as a party-wall" by the defendants and the plaintiff. This was quite sufficient to raise the issue passed upon.

2. It is unnecessary to consider at length all the points made in the case, and discussed by counsel. It was shown that during all the time of the construction of the defendants' building the plaintiff was occupying its banking-house, immediately adjacent, and its officers, without raising any objection, daily saw and knew what was being done by defendants. In January, 1888, at a meeting of its board of directors, the subject of the use of the wall by defendants was considered. What was then said and done is thus epitomized in the testimony of Mr. Watson, one of the directors: "Mr. Thomas stated that they were going, or had commenced, to put up a building. He stated it was to be of the general finish of the bank, and wanted to join on our wall. I think either Mr. Graham or myself made a motion that we allow them to do that; that we considered the building would enhance the value and appearance of the bank sufficiently to reimburse the bank for the use of the wall. My impression is there was unanimous consent. I think this was while the board was in session. I am not positive there was any motion, but it was the tenor of the conversation, and I understood it

was agreed to on that basis.'' There was other testimony of like effect, clearly showing that defendants' right to use the wall as a party-wall was recognized and acquiesced in by the plaintiff and its officers until after it presented its $300 bill ''for materials and work in partition wall.'' The officers of the plaintiff were its agents, and the rule is that notice to an agent is constructive notice to the principal; and the rule applies to corporations as well as individuals: Jefferson v. Hewitt, 103 Cal. 624, 37 Pac. 638. It is true that the defendants were two of the seven directors of the bank during all the time the buildings were being constructed, but that fact is not material, and cannot affect the conclusion reached. Under the circumstances shown, we think the plaintiff should be held estopped from claiming that defendants have no right to use the wall as a party-wall, and that its remedy, if any it had, was an action to recover from defendants their just proportion of the cost of the materials and labor used in the construction of the wall. And, in support of this view, see Zeininger v. Schnitzler, 48 Kan. 63, 65, 28 Pac. 1007.

3. There is another ground on which the judgment should be affirmed. It was held in Guttenberger v. Woods, 51 Cal. 523, that he who seeks equity must do equity; and therefore, so long as the plaintiff's wall, laid on his own land, projects over the defendants' land, the court will not compel the defendants to desist from using it as a party-wall. The rule declared in that case is applicable here, and should be followed. The judgment and order appealed from should be affirmed.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.