No. 19,686.

F. W. WINTERS, *Appellant*, V. C. C. BLOOM and R. H. BLOOM,
*Appellees.*

SYLLABUS BY THE COURT.

BOUNDARIES — *Division of City Lots — Descriptions in Deeds Fix the
Boundary Line.* An owner of a tract of ground erected a building on a
part of it and afterward executed a deed conveying the west twenty-
five feet thereof to a grantee, and subsequently conveyed the remain-
ing eight feet thereof to another grantee. The building, which was de-
signed to be twenty-five feet wide and was erected on the west side of
the ground, extended about two inches over on the eight-foot part
described in the deed to the second grantee, but whether it was in-
advertently or intentionally done does not appear. There were no ex-
ceptions or reservations in the deeds nor any conflicting calls, nor were
there any uncertainties in the descriptions of the ground in the instru-
ments. In the absence of testimony that the grantor intended to con-
vey more than was described in the deed given to the first grantee or
less than that described in the deed given to the second grantee, or of
any showing of a claim, agreement or understanding of the parties
that the east side of the wall of the building should be the line of
division between the parts, it must be held that each grantee took and
owned the ground described in the instrument of conveyance made to
him.

Appeal from Reno district court; FRANK F. PRIGG, judge.
Opinion filed October 9, 1915. Affirmed.

*F. Dumont Smith,* of Hutchinson, for the appellant.

*Carr W. Taylor,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   F. W. Winters brought this action against
C. C. Bloom and R. H. Bloom to enjoin them from using a part
of the wall of a building erected by his grantor. He appeals
from the judgment of the court refusing the injunction.

Freeman Duncan was the owner of lots nine and eleven,
First avenue west, in the city of Hutchinson, each of which
was thirty-three feet in width. In 1887 Duncan built a two-
story brick building upon the west twenty-five feet of lot eleven,
and the east wall of the building projected from an inch and a
half to two inches over on the east eight feet of the lot. In

1889 he sold the west twenty-five feet of the lot to a party to whose title plaintiff has succeeded, and in 1893 he conveyed the east eight feet of the lot to another whose title defendants have acquired. It was admitted that the parties stand in the same relation as though Freeman Duncan after erecting the building had conveyed the twenty-five feet to plaintiff and later the east eight feet of the lot to defendants. The court found that plaintiff and defendants had succeeded to just what Duncan sold separately, the plaintiff being entitled to the west twenty-five feet and no more and the defendants to all of the east eight feet of the lot, and held, therefore, that plaintiff was not entitled to enjoin the defendants from using that part of the wall projecting over on their part of the lot.

On this appeal plaintiff contends that there was a particular location on the ground of the twenty-five-foot parcel first conveyed by Duncan by the erection of his building and that the boundaries so fixed are binding upon all subsequent grantees. There is little room for the application of the rule invoked, as the boundary between the parcels was not a matter of doubt. (4 A. & E. Encycl. of L. 859.) There was nothing indefinite nor uncertain in the description of the property in the deeds, nor any difficulty in finding the line of division fixed by these instruments. There was no more reason nor ground for dispute as to the quantity in the parcels conveyed than there was as to their boundaries. The quantity of ground was specifically designated in the deed, which called for the west twenty-five feet of lot eleven. No conflicting calls are found in the instrument nor anything to lead the grantee to infer that he was getting more than twenty-five feet of ground. Duncan was the common grantor of the two parcels, and it is contended that a location made by him on the ground should bind all parties deriving title from him, but there is nothing to indicate that he was conveying all the ground on which the building stood nor does the testimony show that he intended to make the east side of the building the boundary line between the parcels, and nothing to show that the purchaser of the twenty-five-foot parcel was to get any part of the eight-foot parcel. No qualifications, exceptions or reservations were made in either deed and there is no testimony of any agreement or statement that the wall of

the building should constitute a boundary between the two parcels. On the contrary there is testimony that after selling the twenty-five-foot parcel Duncan regarded the east wall of the building he had erected as a party wall and intended to use it in connection with a party wall on the east side of lot nine to enclose a proposed building on the forty-one feet still retained by him. Of course, if Duncan, the common grantor, had conveyed the adjoining parcels to plaintiff, and the defendants had established and pointed out to them the line of the building as the true line of division of the parcels and this had been agreed to by the parties, there would be good ground for the contention of plaintiff. (Tyler's Law of Boundaries, Fences and Window Lights, p. 335.) The testimony, however, is not to that effect and does not warrant the inference for which plaintiff contends. It does not appear that there was any common understanding that the east side of the wall was the true line, and before the title to any part of the eight-foot parcel is lost by acquiescence there must have been knowledge of the facts on which to base it. (4 A. & E. Encycl. of L. 865.) There was no uncertainty, as we have seen, in the deed as to the line and no evidence of an intention to establish or agree to a boundary differing from that described in the deed. The trial court found an absence of proof that Duncan or any one else ever recognized any other line than one parallel with and twenty-five feet east of the west line of lot eleven, or that any one ever purchased the property with the idea that there was any other line than that named in the instrument of conveyance. The court also found that it did not appear whether the wall was built over on the eight-foot parcel by mistake or not. If it was done by mistake and possession was held under a misapprehension as to the true boundary it would not be adverse although it continued beyond the fifteen-year period. (*Winn v. Abeles,* 35 Kan. 85, 10 Pac. 443, 57 Am. Rep. 138; *Swarz v. Ramala,* 63 Kan. 633, 66 Pac. 649; *Shanline v. Wiltsie,* 70 Kan. 177, 78 Pac. 436; *Scott v. Williams,* 74 Kan. 448, 87 Pac. 550; *Shanks v. Williams,* 93 Kan. 573, 144 Pac. 1007.) If there had been an intention to make the east side of the wall the line of division and possession of ground beyond the true line had been taken and held under a claim of ownership the pos-

session might have been deemed adverse. (*Edwards v. Fleming*, 83 Kan. 653, 112 Pac. 836.) But, it appears, there was no agreement that that line should be regarded as the line, no claim by the owner of the twenty-five-foot parcel of ground beyond the line described in the deed, and no conscious acquiescence in any other boundary. It has been said:

"Where there is an agreement or acquiescence in a wrong boundary, when the true boundary can be ascertained from the deed, it is treated both in law and equity as a *mistake*, and neither party is estopped from claiming to the true line." (*Hartung v. Witte*, 59 Wis. 285, 299, 18 N. W. 175.)

In no view of the evidence can it be held that the plaintiff is entitled to more ground than is definitely described in the conveyance under which he holds.

The court rightly refused the injunction asked for and its judgment is affirmed.