No. 23,129.

THERON T. KINNE, *Appellee*, v. J. O. WAGGONER and AMELIA WAGGONER, *Appellants*, et al.

SYLLABUS·BY THE COURT.

1. PLEADINGS—*Prolix and Defective Petition—Defendant Fully Informed as to Plaintiff's Claim.* Where the prolix, defective and inconsistent allegations in the pleadings of the plaintiff are clarified by the pleadings of the defendant, and defendant's pleadings show that he has not misunderstood the issue between the parties, it is not error to overrule objections to plaintiff's petition nor to overrule objections to the introduction of evidence.

2. AGENCY — *Husband and Wife — Circumstantial Evidence.* The authority of a husband to act for his wife may be shown by circumstances; and the wife's testimony that she had never given her husband such authority is merely evidence to the contrary which the trial court may or may not believe.

3. ACTION—*Tried by Court—Presumptions as to Incompetent Testimony.* Rule followed that where an action is tried by the court without a jury the presumption is that if incompetent evidence is admitted the court will not permit its judgment to be founded thereon.

4. ADVERSE POSSESSION—*Boundary Line Between Two Farms—Erection and Maintenance of Fences.* The facts touching the erection of a boundary-line fence between two farms, which the respective owners amicably and for many years regarded as located on the boundary line of their farms, and that the encroaching owner long possessed and enjoyed the strip of land between the true boundary line and the supposed boundary line, and that the owner of the land encroached upon had laid no claim thereto, examined, and *held*, that such facts are not sufficient to give rise to a claim of right by adverse possession in favor of the encroaching owner, where there was no evidence that the boundary line had been fixed by agreement, and when there was no evidence of the encroaching owner's intention to claim adversely to his neighbor, and no evidence that his neighbor encroached upon had notice of such adverse claim.

5. SAME—*Landowner Not Estopped to Show Mistake in Location of Boundary-line Fence.* Adjacent landowners are not estopped to dispute the accuracy of a boundary line which by mistake they have long treated as such, nor does the occupancy of land beyond the true boundary line by an encroaching owner form a basis for adverse possession, unless the encroachment is made with intention to claim and hold adversely.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed April 9, 1921. Affirmed.

*J. Q. Stratton,* of Erie, for the appellants.

*R. B. Smith,* and *C. M. Brobst,* both of Chanute, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit arose between two farmers over the possession of a narrow strip of land at and near the boundary line between their farms.

The plaintiff, Theron T. Kinne, holds title to the east 70 acres of a quarter section of land in Neosho county. One of the defendants, Amelia Waggoner, by quitclaim deed from her husband, J. O. Waggoner, holds the title to the remainder of the quarter—the west 90 acres of it. During many years the plaintiff's farm has passed from one owner to another as "70 acres off the east side of the southwest quarter," etc. Likewise the defendants' title, in several mesne conveyances for forty years or more, has read: "West half of southwest quarter, and a strip of land 10 rods wide off the west side of the east half of the southwest quarter," etc.

For the greater part of fifty years there was a fence of wire and posts between the two farms, which served the purpose of a division fence, and for many years defendants' predecessors in title maintained the south half of the fence and plaintiff's predecessors in title kept up the north end of it. More recently the old fence fell into decay and disuse. For a time both farms were operated by defendant, J. O. Waggoner, he being then the owner of the west 90 acres, and tenant of the east 70 acres. In 1915, plaintiff Kinne acquired the east 70 acres, and shortly thereafter claimed that he did not have as much land as his deed conveyed. In 1916, defendant J. O. Waggoner built a new fence about 80 rods long, north and south, and parallel to the

old fence and about 4 feet west of it. Later plaintiff and defendant J. O. Waggoner attempted to adjust and settle the boundary line, and to that end they and their neighbors made some measurements, but this endeavor came to naught. Plaintiff then caused an official survey to be made, in fact, two official surveys, and it was determined that the true line was about 27 feet west of the old fence at the south line of the quarter section and about 37 feet west of the old fence at the north line. Thereupon plaintiff constructed a new fence on the line established by the official surveys. Defendant J. O. Waggoner promptly tore down this fence and threw it over on the line of the old fence. Hence this lawsuit for the strip of ground between the line of the old fence and the true boundary line.

Judgment was entered for plaintiff and defendants appeal.

Defendants complain severely of the prolix and inconsistent allegations of plaintiff's petition, and leveled various objections to it in the trial court, but these were overruled. The petition, in form, attempted to state three causes of action, the first alleging plaintiff's ownership and possession of the strip of land in dispute, and recounting at unnecessary length and with needless detail the original mistake as to the location of the boundary line and building of the fence thereat by the predecessors in title forty-five years ago, the defendants' erection of a new fence 4 feet west of the old fence in 1916, the futile efforts of plaintiff and defendant J. O. Waggoner to measure and ascertain the true boundary line in 1916, a later official survey (perhaps on defective notice to defendants) which located the true boundary line and that plaintiff built a new fence thereon which was promptly torn down by defendants, and still another official survey, upon due notice, which again located the true boundary line as contended for by plaintiff, and that no appeal within time had been taken by defendants, from the last survey. Plaintiff's second cause of action alleged his title and right to possession, and that defendants unlawfully withheld the possession of the land in dispute. Plaintiff's third cause of action was for damages for tearing up and removing his new fence.

Defendant J. O. Waggoner answered with a general denial.

Mrs. Waggoner's answer alleged and admitted that she was

Kinne v. Waggoner.

the owner and in possession of the strip of land in dispute, and further answered—

"If the plaintiffs ever had any cause of action against her, it accrued more than fifteen years before the commencement of this suit and is barred by the fifteen years statute of limitations."

Mrs. Waggoner followed with a cross-petition, alleging ownership and quiet possession of the strip of land in controversy, and plaintiff's claim thereto but inferior to her own; that plaintiff's claim was a cloud on her title which should be barred and her title quieted.

This abridgement of the pleadings will disclose that whatever defects and technical inconsistencies inhered in plaintiff's petition, the main issue was clarified by Mrs. Waggoner's answer and cross-petition; and all the pleadings construed together disclosed, in substance, an action in ejectment by plaintiff and a cross action to quiet title by defendants. It is also clear that defendants were not misled as to the issue, and therefore no prejudicial error transpired in overruling their objections to plaintiff's petition nor their objection to the introduction of evidence. (Civ. Code, § 581; *Republic County v. Guaranty Co.*, 96 Kan. 255, 257, 150 Pac. 590; *Harris v. Morrison*, 100 Kan. 157, 163 Pac. 1062; *Bank v. Grisham*, 105 Kan. 460, 467, 185 Pac. 54.)

The next error relates to the trial court's ruling on the demurrer to plaintiff's evidence. Plaintiff showed title to the east 70 acres, and showed that the strip of land in dispute was within its limits upon an established and indisputable survey. That evidence established his *prima facie* case and the demurrer was properly overruled.

Defendants also base error on the admission of incompetent evidence touching the acts and statements of J. O. Waggoner, when his agency to act and speak for his wife was not shown. But we are not prepared to say that there was no evidence that Waggoner was his wife's agent. The circumstances tended strongly to show that she gave her husband free rein to handle the boundary-line matter—his attempts to determine the boundary line amicably with plaintiff, his construction of a new fence four feet west of the old fence, his demolition of plaintiff's fence, his general exercise of dominion over his wife's farm—all with the apparent acquiescence of his wife,

were persuasive items of evidence that he was in fact his wife's agent; and certainly the trial court did not need to believe her self-serving testimony that she had never given her husband authority to speak or act for her. There is still another answer to this contention. It was a trial by the court—a jury having been waived. In such cases, the rule is that if incompetent evidence is admitted, it will not be presumed to have materially affected the result, and that although the trial judge may hear such evidence he will not permit his judgment to be based thereon. (*McCready v. Crane,* 74 Kan. 710, 88 Pac. 748; *Kimball v. Edwards,* 91 Kan. 298, 137 Pac. 948; *Sipe v. Sipe,* 102 Kan. 742, 173 Pac. 13; *Gorrill v. Greenlees,* 104 Kan. 693, 180 Pac. 798.) Furthermore, it is perfectly obvious that the judgment in this case was not based in any degree upon the evidence narrating the acts and statements of J. O. Waggoner.

And this leads us to the controlling question in this case—whether the evidence was sufficient as to adverse possession in the Waggoners and their predecessors for fifteen years. On that point there was simply the evidence inherent in the circumstances—that a fence had been erected near the true boundary line over forty years ago, that the predecessors in title of both parties apparently treated the old fence as the boundary line, that the owners on the west occupied and used all the land west of the old fence and that the owners on the east occupied only to the fence as their western boundary and no further. There was also an agreement of long standing and long observance—much longer than fifteen years—that the prior owners on the west should maintain the south half of this fence and the owners on the east should maintain the north half of it. Now those facts were matters of evidence, but only evidence. Such evidence did not foreclose the trial court from inquiring whether the original location of the fence was made by mistake, or by agreement, or whether by later estoppel and acquiescence the parties became bound by the erroneous location of the boundary line. In the conveyances which have passed title to successive owners, and which passed title to defendants eight years ago, there is no recital of conveyance of the strip of land in dispute. There is no evidence in the record that defendants' predecessors in title claimed the land adversely to plaintiff, nor did such adverse claim arise until

about the time these later fences were erected, five years or six years ago. There was no evidence of any agreement that the old fence should be the boundary line regardless of the true boundary line.

It is no longer an open question in this state that adjacent landowners are not estopped to dispute the accuracy of a boundary line which by mistake they have long treated as such, nor does the occupancy of land beyond the true boundary line by an encroaching owner form a basis for adverse possession unless the encroachment is made with intention to claim and hold adversely. (*Winn v. Abeles*, 35 Kan. 85, 10 Pac. 443; *Scott v. Williams*, 74 Kan. 448, 87 Pac. 550; *Crawford v. Hebrew*, 78 Kan. 401, 96 Pac. 348; *Edwards v. Fleming*, 83 Kan. 653, 112 Pac. 836; *Peterson v. Hollis*, 90 Kan. 655, 136 Pac. 258; *Winters v. Bloom*, 96 Kan. 443, 151 Pac. 1109; *Hinnen v. Artz*, 99 Kan. 579, 163 Pac. 141.)

In *Shanline v. Wiltsie*, 70 Kan. 177, 181, 78 Pac. 436, it was said:

"As between the respective owners of adjoining lands, a physical possession held by one of them of a part of his neighbor's ground, taken and held through a misapprehension of the location of the boundary line, is not adverse, and, however long continued, will not ripen into a title or set the statute of limitations in operation, for the reason that there is no intention on the part of the occupant to exercise, or on the part of the owner to suffer, any dominion beyond the true line, wherever it may be."

The judgment is affirmed.