No. 23,122.

JOHN R. LONG, *Appellant,* v. E. S. MYERS, *Appellee.*

SYLLABUS BY THE COURT.

1. ACTION IN EJECTMENT—*Boundary Line—Division Fence—Adverse Possession.* In an action for possession of a strip of land the plaintiff's testimony tended to show that the line between the contesting landowners had for more than fifteen years been marked by a fence up to which each had farmed, but so marked only tentatively, and not by agreement that it should constitute the real boundary. *Held,* error to sustain a demurrer to the plaintiff's evidence.

2. SAME—*Title Erroneously Quieted.* The decree quieting title in the defendant, being based on this evidence, was erroneously granted.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed June 11, 1921. Reversed.

*R. B. Smith, C. M. Brobst,* both of Chanute, and *John R. Long,* of Erie, for the appellant.

*W. R. Cline,* and *J. Q. Stratton,* both of Erie, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover possession of a strip of land in dispute between himself, as the owner of a forty-acre tract, and the owner of the adjoining forty on the north. The defendant denied this claim and cross-petitioned for a decree quieting his title. Jurors were impaneled and testimony taken, after which the court sustained a demurrer to the evidence of the plaintiff and quieted title to the disputed strip in the defendant. The plaintiff appeals.

George Cosner was the patentee of the quarter section. In 1882, he sold this forty to Massey. In 1898, Massey sold to Myers, who in 1918 sold to the plaintiff, the deeds describing the land as the southeast quarter of the southeast quarter. Plaintiff testified that after he bought of Myers he took a measuring tape and found his land several rods short, north and south, and asked Myers what he thought of having a surveyor locate the line; and that the latter objected to doing anything about it. The plaintiff then had the tract surveyed, proper notice having been given, and it was found that the old fence running east and west was 99½ feet south of the true line at the east end and 13½ feet at the west end, thus marking the strip for which possession was sued for in this case.

The patentee, Mr. Cosner, testified that when he sold to Massey the two measured the forty off with a rope and established the line through there.

"Q. Did you know at the time you established this whether you were getting it on the correct line or just guessing at it? A. Well, we just measured it off eighty rods square—aimed to, we didn't know whether we got it or not, we measured it with a rope:"

He and other witnesses testified that he farmed up to the fence, which he says he put two feet over on the line thus established and which was treated as the line, and that his adjoining neighbor farmed down to the same fence and no con-

troversy arose about the line. The plaintiff lived on adjoining land more than twenty years before he purchased the forty and knew of this fence.

It seems that the trial court from all the testimony thought it showed that Cosner and Massey had agreed on this fence as the boundary line. The trouble about this is that Mr. Cosner further testified:

"Q. You established that as a line fence? A. Well, we calculated to get it surveyed when the surveyor came up.

"Q. You knew where the line was at that time? A. No, I didn't know."

If this does not affirmatively show that these two adjoining landowners simply by rope measurement put the fence between them temporarily until the true line could be established, it certainly tended to show such an arrangement, and there was testimony from which the jury might well have found it to exist.

It is well settled that the use of a dividing fence without specific agreement that it shall be deemed a boundary between adjoining landowners is neither an establishment of a true line nor a thing which will start the statute of limitation running by way of adverse possession. In *Edwards v. Fleming,* 83 Kan. 653, 112 Pac. 836, it was held that when a fence is believed to be the true boundary and the claim of ownership is up to the fence as located, if the intent to claim title exists only on the condition that the fence is on the true line the intention is not absolute, but conditional, and the possession is not adverse. (See, also, *Peterson v. Hollis,* 90 Kan. 655, 136 Pac. 259; *Shanks v. Williams,* 93 Kan. 573, 144 Pac. 1007, *Winters v. Bloom,* 96 Kan. 443, 151 Pac. 1109.)

In the last case it was said:

"The court also found that it did not appear whether the wall was built over on the eight-foot parcel by mistake or not. If it was done by mistake and possession was held under a misapprehension as to the true boundary it would not be adverse although it continued beyond the fifteen-year period." (p. 445, citing numerous authorities.)

To a similar effect is *Peyton v. Waters,* 104 Kan. 81, 177 Pac. 525.

As the defendant's right to have his title quieted is dependent on the same question as the plaintiff's right to possession,

it was not only error to sustain the demurrer to the plaintiff's testimony, but also error to decree the title quieted in the defendant.

The rulings are therefore reversed and the cause remanded with directions to proceed in accordance herewith.