No. 25,228.

GEORGE PULS, *Appellee,* v. JOHN S. GIWOSKY et al., *Appellants.*

SYLLABUS BY THE COURT.

1. PARTY WALL—*Written Contract—Arbitration Not a Prerequisite to Suit in Ejectment.* The provision for arbitration in a party-wall contract examined and, *held,* not to require an offer to arbitrate as a prerequisite to a suit in ejectment by one of the parties.

2. SAME—*Party Not Precluded by the Facts Shown From Maintaining Ejectment.* One is not precluded from maintaining a suit in ejectment for part of his real property occupied by a party wall built by an adjoining lot owner by knowledge that the wall was being built, when both parties thought it was being built one-half on the land of each, which proved to be a mistake.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed May 10, 1924. Affirmed.

*J. A. Brubacher, W. D. Jochems,* and *J. Wirth Sargent,* all of Wichita, for the appellants.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: In this case the defendant appealed from a directed verdict and judgment in favor of plaintiff in an action in ejectment for a tract of land four inches wide and forty feet long. The parties own adjoining lots in the same block in the business district of Wichita. In 1909 when both lots were vacant they made a party-wall contract in writing which recited that it was the wish of the parties "that the wall that may be erected to separate the adjoining buildings which may be placed upon said adjoining lots shall be a party wall, . . . to begin on the east boundary line of said lots and to extend westward 40 feet and no more, and whichever of said parties shall first build on their said respective lots shall make the wall on the side adjoining the land of the other party eight and one-half inches thick, and shall place said wall one-half on the land of each party, . . ." It was further provided that the wall might be more than seventeen inches thick but not more than eight and one-half inches of it should be placed upon the land of the other party. It also provided that the party erecting the wall should pay for it at the time and that whenever the other party should use the

wall he would pay to the party who built it one-half of the value at that time, and the contract contained this provision:

"And in case of a dispute or disagreement as to the value of said one-half interest, or any other disputes or disagreements growing out of this contract, the matter or matters shall be referred to three disinterested parties, one to be chosen by each side, and they two to choose another, the decision in writing signed by any two shall be final."

Soon after making the party-wall contract the defendant had the county surveyor mark the line between the two lots, which he did by setting stakes on the line at the front and at the rear of the lot. Defendant then let a contract and had erected a three-story brick building on his lot and built a party wall forty feet long upon the line between his lot and that owned by the plaintiff, laying the same, as he thought, eight and one-half inches upon the land of each. Plaintiff's lot remained vacant until November, 1921, when he desired to build on his lot and had the county surveyor run the line between his lot and that of defendant. It was then found that defendant in building the wall had placed twelve and one-half inches of it upon plaintiff's lot instead of only eight and one-half inches as the party-wall contract provided. Plaintiff then served notice upon defendant to vacate the four-inch strip. This not being done, this suit was filed.

There appears to be no serious controversy in this case about the facts. It is not now contended that there is any dispute as to where the line is between the lots, nor does there appear to be any controversy about the fact that twelve and one-half inches of the wall is on the plaintiff's lot.

Appellant contends that the plaintiff could not maintain this action because of the agreement for arbitration contained in the party-wall contract. He cites and relies upon the case of *Berry v. Carter,* 19 Kan. 135, where a written contract between two parties that each should keep up his own cattle and prevent the same from trespassing upon the other for a period of three years and that in case either of the parties permitted his stock to trespass upon the other and the parties themselves could not agree upon the amount of damages, then the question of the amount of such damages should be submitted to arbitrators, whose decision should be final, was held to be valid and binding. If this case is attempted to be construed as holding valid an agreement to arbitrate generally all differences between the parties growing out of the contract which may arise in

the future as a bar to an action concerning the subject matter, as appellant here asks to have it construed, it is against the decided weight of authority, as is noted in 5 C. J. 42. The case is properly construed as interpreting a contract, not that all questions arising thereunder shall be submitted to arbitration, but that the decision of the arbitrators on certain questions as to the amount of loss or damage is one that will be enforced, and so construed it is in accord with the authorities. (5 C. J. 43, 44, § 69; 2 A. & E. Encyc. of L., 2d ed., 573, 575; 45 L. R. A., n. s., 429, note.) There is a further reason why the case is not applicable here. This is a suit in ejectment for the possession of real property and depends, first, upon the title of plaintiff and, second, upon where the line is between him and defendant, and neither of these questions is disputed or controverted by the defendant. The party-wall contract contains nothing to indicate that at the time it was made there was any controversy between the parties as to plaintiff's title to his lot, nor any controversy as to where the boundary line was between the lots. Nor is there anything in it to indicate that questions concerning those matters would arise in the future. Hence the contract did not concern either of the questions decisive of this case, from which it necessarily follows that the arbitration provision in the contract has no bearing upon such questions. These questions are not "disputes or disagreements growing out of this contract." In fact, the questions of plaintiff's title and where the true boundary line is situated are not disputed at all. This conclusion makes it unnecessary for us to discuss other questions argued by appellee as to this arbitration provision.

Appellant contends that plaintiff is precluded from bringing this action by reason of the acquiescence in the location of the party wall, his failure to object during the course of construction and by reason of the fact that in building his building he obtained support and benefit from the party wall itself in that the party wall protects plaintiff's wall from spreading against wind pressure and, to a certain degree, from crushing. The evidence shows that the plaintiff was about the premises occasionally while the party wall was being constructed and from time to time since, and that some ten years later when he built upon his lot he built an eight-inch wall of cement blocks directly against the wall built by plaintiff, possibly making use of a part of the foundation for its support. It is contended by appellant that this wall constructed by plaintiff, being

a thin wall of cement blocks, would be unstable if standing alone and was protected and benefited by the wall to which it joined, built by defendant. This is a question that would go into whether or not the plaintiff used the party wall and therefore should pay for half of it (*Zeininger v. Schnitzler,* 48 Kan. 63, 28 Pac. 1007), but it has little, if any, bearing upon the title to plaintiff's lot and his right to the possession thereof which was before the court in this ejectment suit. Neither is there anything in the evidence to indicate that the plaintiff knew the wall was being laid more than eight and one-half inches upon his lot until he had it surveyed just before erecting his building in 1921. Appellant does not contend that he purposely occupied this ground claiming it as his own and that he is entitled to it by right of prescription. If such a claim were made and sustained the prescription would have to be for fifteen years in order to bar the action (9 C. J. 245), and it had not been for that length of time. The building of the wall more upon plaintiff's land than the party-wall contract provided appears to have been the result of mistake of some kind, either of the defendant or of the contractor who erected it for him, and in that event no right to ownership by prescription would attach. One is not estopped by acquiescence in a situation he does not know exists and if the plaintiff did not know that more of the wall was laid upon his lot than the party-wall contract provided until he made his survey in 1921, his acquiescence in the construction of the wall prior to that time would not defeat his right to maintain the action. (See *Kinne v. Waggoner,* 108 Kan. 814, 197 Pac. 195, and cases there cited.) After such survey he took reasonably prompt steps by notifying the defendant to vacate and by bringing this action to protect his rights.

Finding no error in the record, the judgment of the court below is affirmed.