Fuller v. Stone.

---

No. 25,288.

G. E. FULLER, *Appellant,* v. V. B. STONE, *Appellee.*

SYLLABUS BY THE COURT.

QUIETING TITLE—*Boundary of Land—Adverse Possession.* Possession of land taken and held under belief that a fence marks boundary is not adverse unless the intention be to hold possession up to the fence in any event, regardless of true boundary.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 7, 1924. Affirmed.

*J. A. Brady,* of Cherryvale, for the appellant.
*Sullivan Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to quiet title. Plaintiff was defeated, and appeals.

The land in controversy is a tract 50 feet wide by 1,825 feet long,

parallel with and adjoining the west side of a fenced railroad right of way. The tract was once railroad property intended for use for yard and siding purposes. Title passed regularly to defendant. Plaintiff purchased by deed, describing all that part of the government subdivision lying west of the right of way, and supposed the fence was the boundary. Since his grantors were without title by deed, he based his claim on adverse possession.

Plaintiff did not testify that he took possession intending to hold up to the right-of-way fence whether or not some one else owned the strip in controversy. On the contrary, he testified he never had wanted any of the land not legally his, and did not want to encroach on the land of anyone else. There are numerous decisions to the effect that possession of land taken and held under belief that a fence marks boundary is not adverse unless the intention be to exercise dominion up to the fence in any event, regardless of true boundary. (*Crawford v. Hebrew*, 78 Kan. 401, 96 Pac. 348; *Edwards v. Fleming*, 83 Kan. 653, 112 Pac. 836, and cases cited in the opinion; *Kinne v. Waggoner*, 108 Kan. 814, 819, 197 Pac. 195, and cases cited in the opinion.)

The judgment of the district court is affirmed.