No. 30,236.

C. A. Wiburg, *Appellant*, v. Marcus Stevenson, *Appellee*.

(7 P. 2d 512.)

Opinion filed January 30, 1932.

*A. A. Graham,* of Topeka, for the appellant.

*Hugh C. Larimer* and *J. C. Linge,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action to quiet title to a strip of land about two feet wide on the side of a city lot, and for damages. Defendant denied plaintiff's claim and filed a cross petition in ejectment and for damages. It was tried to the court. Judgment was for defendant, and plaintiff has appealed.

It appears from the record that in 1907 a Mrs. Warner owned lot 102 and the lot adjoining it on the south, 104, on Klein street, in Crane's addition to the city of Topeka. A house was situated on each lot. She lived in one of them and her son lived in the other. A fence was erected between the two houses and the back yards. This fence was in fact about two feet north of the division line between the two lots. About 1911 Mrs. Warner conveyed one of the lots to one party and the other to another, and through mesne conveyance plaintiff is now the owner of lot 104 and defendant is the owner of lot 102. It was plaintiff's contention that the fence which had been originally constructed between these two houses was a partition fence between the two lots, and he claimed title to that part of lot 102 south of the fence, on the ground of adverse possession for more than fifteen years. There was evidence that when the fence was constructed there was no intention or agreement to make it a partition fence, nor to have it indicate the line between the two

lots, and that when the properties were sold there was no representation or agreement that it was a partition fence, or that it marked or represented the line between the two lots. In 1926 defendant had his lot surveyed, but without giving notice required by the statute to make it an official survey, and thereafter moved the fence near to the lot line, as shown by the survey. The court found, among other things, that there had been a fence between the houses on the respective lots for more than thirty years, and that the occupants of each property used the same up to the fence line without knowledge on the part of the occupants or owners as to where the true property line was located. The court declined to find that the fence had been constructed as a partition fence. Plaintiff does not complain that the findings made by the court are without evidence to support them, and has not abstracted the evidence. The court further found that plaintiff had not been in the adverse possession of the strip of land in question for a period of fifteen years, and therefore had not acquired title by adverse possession. Appellant argues that this finding is in conflict with the finding made by the court that the occupant of each property used the same to the fence line. This contention cannot be sustained. Here there is no showing of an agreement that the line of the fence was the line between the properties, as there was in *McBeth v. White,* 122 Kan. 637, 253 Pac. 212. In fact, the finding of the court is that the parties occupied the properties without knowledge on their part as to where the true lot line was located. It is presumed, where one enters into possession under a deed, that he claims only the title given him by his deed, and that his possession is restricted to the premises granted. If, as a matter of fact, he has possession beyond the line of his premises, such possession is presumed to be in subordination to the true title. (*Edwards v. Fleming,* 83 Kan. 653, 112 Pac. 836. See, also, *Scott v. Williams,* 74 Kan. 448, 87 Pac. 550; *Peyton v. Waters,* 104 Kan. 81, 177 Pac. 525; *Long v. Myers,* 109 Kan. 278, 198 Pac. 934.) A landowner holding beyond his line must claim adversely to have adverse possession. (*Kinne v. Waggoner,* 108 Kan. 814, 197 Pac. 195.) No evidence is abstracted showing that such an adverse claim was made by plaintiff, and the findings of the court negative such a showing.

There was no error in the judgment of the court below, and it is affirmed.