No. 38,954

GLEN R. PERSINGER and MINNIE R. PERSINGER, *Appellees*, v. MELDON A. MITCHELL, *Appellant*.

(256 P. 2d 866)

Opinion filed May 9, 1953.

*William Keith*, of Wichita, was on the briefs for the appellant.

*E. E. Sattgast*, of Wichita, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to enjoin the defendant from using a roadway across a corner of plaintiffs' real estate. Judgment was for the plaintiffs. Defendant has appealed.

The petition alleged the plaintiffs had been the owners of a described tract of real estate for four years; that defendant was the owner and lived on a tract immediately south of plaintiffs' land; that during the past two years and for some time prior thereto defendant without the consent of plaintiffs committed a trespass on a strip of land across the southeast corner of plaintiffs' property and used it as a roadway; that plaintiffs had demanded defendant to discontinue such practice but he continued to use it; that the trespass was a continuing one; that defendant asserted he would continue to use it unless enjoined therefrom; that the plaintiffs would suffer irreparable injury and defendant would harass, vex and annoy the plaintiffs and put them to a multiplicity of actions to protect their rights. The second count was for damages. It will not be detailed since damages were refused by the trial court and no cross-appeal taken. The prayer on the first cause of action was that defendant be perpetually enjoined from using the property as stated.

The defendant in his answer admitted the ownership of the property but denied that he had trespassed upon plaintiffs' land except

that he and his predecessors in title had been using for more than twenty-five years past the strip of land across the southeast corner of plaintiffs' property as a roadway. The defendant denied that any demand had been made on him to discontinue the practice; that it was a continuous trespass or that plaintiffs were entitled to a restraining order. Defendant alleged further that he and his predecessors in title were and had been the owners of a two-acre tract of land adjacent to plaintiff's real property described in their petition and that the only means of ingress or egress to and from their tract was over the roadway in controversy to a public highway and it had been so used with the knowledge and acquiescence of plaintiffs and their grantors for a period of more than forty years and such easement and right had been enjoyed by the defendant for that period without obstruction, hindrance or interruption under a claim of right so to do and there was still an easement and right of way belonging to and connected with the land of defendant.

Plaintiffs' motion for judgment on the pleadings was overruled.

Persinger testified as to the ownership and that defendant had been driving across the southeast corner of his land ever since he had lived there; that he had used about 60x30 feet of the southeast corner thereof; that he had tried to get him to stop using it without success; that he had started to put up a fence across the roadway and defendant had pulled the posts out; that defendant had said it was useless to put them in, he would take them out. On cross-examination he testified that the roadway was being used by the defendant when he moved there; that Seneca Street is on the east side of his land and the roadway comes out to Seneca Street from defendant's home. He testified that defendant could go straight out east by making a little fill in of a ditch. On redirect-examination he testified that he had never given defendant permission to use the roadway since he had lived there.

Mrs. Persinger's testimony was to about the same effect.

Plaintiffs rested.

Defendant's demurrer to plaintiffs' evidence was overruled.

Counsel for the plaintiffs then objected to introduction of any testimony on behalf of defendant on the ground that defendant had failed to allege a valid defense to the petition. This objection and motion was overruled.

There was considerable testimony as to the use of this roadway amongst these parties and their predecessors in title. It was con-

ceded a grist-mill had been located on the two-acre tract owned by defendant and upön which he lived. As long as any of the parties could remember this road had been used as a means of getting to this grist-mill and later by the defendant. There is an old creek bed between defendant's land and the road on the other side of it from plaintiffs' land. At the close of defendant's evidence a man named Haynes testified for plaintiff. He testified he built the Persinger house where plaintiffs live in the early 30's and defendant's father lived where defendant now lives. He testified as follows:

"When they laid the line it cut off from the road and he was kind enough to see me about that and asked me if he couldn't use it to go across the corner until a different arrangement could be made, and I told him they could, and they used it as long as I was there and after the renter left the place I rented this house to other parties as long as they were there. I never used this roadway myself."

He further testified that they had shut defendant's father off from the outlet to the road in changing the Seneca roadway and he said it would be all right and gave him permission to use this roadway; that they used it until the survey was made and after it was made they asked him about it and he gave him permission to use it.

After the case had been finally submitted the defendant filed a motion asking the court to reopen and permit the introduction of newly discovered evidence to the effect that a new survey of the area in question would show that practically all of defendant's driveway was not upon alleged land owned by plaintiffs and no part of it had been used or needed to be used by plaintiffs for ingress or egress to their land.

This motion to open was denied but the trial judge stated he would permit the plat and survey to be admitted and he would consider it as evidence in rendering his decision.

On August 11, 1952, the court found the use of the land in question had been permissive only and not such use as to conclude that as a matter of law an easement had been established.

Judgment was entered for the plaintiffs enjoining the defendant from using or driving upon plaintiffs' property and denying plaintiffs any damage against defendant.

Defendant asked for a new trial on the ground of newly discovered evidence; that the evidence of the surveyor showed that practically all of defendant's driveway is not upon alleged land owned by plaintiffs and no part of the driveway is or has been used or needed to be used by plaintiffs for ingress or egress to their land;

that the defendant was not afforded a reasonable opportunity to present his evidence; on account of the court's failure to open up the case for introduction of evidence; the court admitted incompetent testimony over the objection of defendant; that the decision and judgment were contrary to law; were not sustained by sufficient evidence and erroneous rulings of the court.

This motion for a new trial was overruled—hence this appeal.

The specifications of error are that the court erred in refusing to open up the case; in admitting illegal testimony; in holding that the easement pleaded by defendant was not established; that the decision and judgment were contrary to law; and erroneous rulings of the court.

Defendant actually argues only one feature of his specification—that the evidence compelled a finding he had an easement across plaintiffs' land by adverse possession. He argues the evidence showed that he and his predecessors in title had claimed a right to go across plaintiffs' land and that plaintiff had acquiesced in this use. He argues there is a distinction between acquiescence and permission. He asks us to re-examine the record and reach a different conclusion than that reached by the trial court as to the facts. We cannot do that. In addition to the well-settled rule that we will not weigh evidence on appeal, there is such a rule in adverse possession cases. (See *Tucker v. Hankey,* 173 Kan. 593, 250 P. 2d 784.) There was not much dispute in this record. The only witness who knew about the use in the beginning was the witness Haynes. He testified that when it first became clear in the thirties the roadway was across plaintiffs' land, which the witness then owned, defendant's father who owned the land now owned by defendant, asked and was given permission by him to use this roadway. This was evidence of permission. There was evidence that plaintiffs objected from the start. The rule is well stated in *Railway Co. v. Conlon,* 62 Kan. 416, 63 Pac. 432. There we said:

"Mere use under a naked license, however long continued, cannot ripen into a prescriptive right. In Indiana an appellant alleged in his complaint that for fifty consecutive years a way had existed over the appellee's land; that for twenty years the way had been open to the appellant as an easement, and that he and his grantors had been permitted by the appellee and his grantees to use the way uninterruptedly for fifty years, and that in March, 1883, the appellee wrongfully closed up the way. It was held that under the facts so pleaded the appellant had a mere naked license to use the land, and such license was revocable at the pleasure of the licensor. (*Parish v. Kaspare,* 109 Ind. 586, 10 N. E. 109.)"

See, also, *Wilson v. Pum Ze*, 167 Kan. 31, 204 P. 2d 723.

The trial errors mentioned in the defendant's specifications of error are not argued by defendant in his brief and may be deemed abandoned. They have been examined, however, and are not good.

The judgment of the trial court is affirmed.